[No. 12418.   Department Two.   July 28, 1915.]

J. L. McDONNELL *et al.*, *Plaintiffs*, v. PATRICK C. SHINE, *Defendant*.[1]

JUDGMENT—NOTWITHSTANDING VERDICT—TIME FOR ENTRY.   After the entry of judgment upon the verdict, the court is without power, upon motion for judgment notwithstanding the verdict or in the alternative for a new trial, to order the judgment reduced unconditionally, which was in effect granting the motion for judgment after entry of a final judgment in the case; its power being limited to granting the motion for a new trial, unconditionally, or upon the condition of remitting part of the verdict.

Cross-appeals from a judgment of the superior court for Spokane county, Webster, J., entered April 7, 1914, upon the verdict of a jury rendered in favor of the plaintiffs, in an action in tort.   Reversed on plaintiffs' appeal.

*Zent, Powell & Redfield*, for plaintiffs.

*P. C. Shine*, for defendant.

MOUNT, J.—This action was brought to recover damages from the defendant because of alleged fraud and breach of warranty upon the sale of certain cattle and horses.   Upon issues joined, the cause was tried to the court and a jury, and resulted in a verdict in favor of the plaintiffs for the sum of $642.   Upon the day the verdict was returned, a judgment was signed by the court and entered by the clerk in conformity with the general verdict.   Thereafter the defendant filed a motion for judgment notwithstanding the verdict, and in the alternative, for a new trial.   Upon the hearing of this motion, the court entered the following order:

"It is hereby ordered and adjudged that the judgment made and entered herein on January 12, 1914, be and the same is hereby modified by reducing the principal sum thereof by $215 and that said judgment remain in force and effect

[1]Reported in 150 Pac. 817.

as a judgment for $427, with interest thereon at six per cent per annum from January 12, 1914, together with plaintiffs' costs and disbursements in this action. The motion for a new trial and the motion for a judgment notwithstanding the verdict are hereby denied, except in the respects hereinabove set forth."

Both parties have appealed from that judgment. The defendant's appeal was dismissed. The plaintiffs' cross-appeal remains to be considered.

The cross-appellants argue that the motion for judgment notwithstanding the verdict was filed too late, and that the court was without power to modify the judgment except by granting a new trial. This position must be sustained. In the case of *Paich v. Northern Pac. R. Co.*, *ante* p. 379, 150 Pac. 814, we laid down the rule definitely, that a motion for judgment notwithstanding the verdict comes too late after the entry of the judgment. It will be noticed in the statement above made that a formal judgment was signed by the court and entered by the clerk before the motion for judgment *non obstante* was made. It is plain, we think, that the order in this case was an order granting the motion for judgment *non obstante veredicto*, because an entirely new judgment was ordered to be entered after the original judgment had been entered. It was the duty of the court, upon the hearing of the motion for a new trial, either to deny or to grant the same unconditionally, or conditionally upon the remission of a certain amount of the verdict. The court did not do this, but ordered a judgment to be entered for a less sum than that returned by the verdict, without giving the plaintiffs an opportunity to accept the reduction, or to have a new trial. We think the trial court was clearly in error in the respects mentioned.

The judgment appealed from by the cross-appellants is therefore reversed, and the cause remanded with instruction to the lower court to pass upon the motion for a new trial,

as was directed in the case of *Paich v. Northern Pac. R. Co.,* *supra,* and for the same reason there stated.

MORRIS, C. J., HOLCOMB, CHADWICK, and PARKER, JJ., concur.