## INDUST COMM v FRANKEN

Ohio Appeals, 2nd Dist, Franklin Co

No. 2092. Decided Sept 25, 1931

Don J. Hoskins, and J. E. Bowman, Columbus, for plaintiff in error.

T. J. Duffy, Columbus, for defendant in error.

HORNBECK, J.

It is the claim of counsel for plaintiff in error that the record does not support the verdict and judgment in that it does not disclose that decedent suffered any injury on April 3, 1931, which had causal connection with his death; that on the contrary the heart disease which produced death was in all probability the result of regular and continuous strain on the heart incident to decedent's daily empolyment; and no witness is offered who saw any occurrence at the plant from which it may be inferred that Mr. Franken was injured. That he did suffer from some cause requiring him to leave his work is undenied; that the heart disturbance from which he was suffering was the result of some unusual and probably sudden strain may reasonably be drawn from the testimony of Doctors Snively and Frederick M. Stanton. Dr. Snively was called late on the night of the 3rd of April, and arrived early on the morning of the 4th. He states that Mr. Franken was then suffering from heart trouble; that the symptoms indicating heart strain were difficulty to breathe, pain in the chest, ashen color, anxious expression and the condition of the pulse. He also states that the heart was acutely dilated and that he had pain in the chest and weakness and distress and that he was in extremis and almost ready to die on the occasion of his first visit. He also stated that the condition of his heart in his judgment was caused from some severe muscular exertion, and at page 27 of his testimony he states: "The left ventricle—probably not at that time. It was acute dilatation, came on slowly and if you had an hypertrophy, if he had had hypertrophy, the man might have lived through it."

This answer is not as informative as might be desired, but the effect of it is to

say that the condition of the heart was not gradually brought about, but was the result of some sudden strain.

Dr. Stanton supports the diagnosis of Dr. Snively. At page 33 of his testimony:

"Q. Were you able to determine from the symptoms of that you found upon examination of the patient at that time what was the cause of the heart condition? A. Yes.

"Q. And what was your conclusion and what is now your opinion as to what was the cause of it? A. Some unusual physical strain."

The testimony which we have quoted and much more of a similar character was not refuted nor met by any testimony on behalf of the Commission. Contrasting the condition of Mr. Franken as detailed by these doctors with his good health up to the time of his leaving his employment, which is abundantly supported in the record, it is but a natural inference that some unusual strain was placed upon his heart at the time that he was compelled to leave his work.

But there is positive testimony, if competent, from Mrs. Franken to the effect that when he came home from the factory the day of the claimed injury, and while he was suffering excruciating pain through the chest, and having great difficulty in breathing he then told her what had occurred at the factory which was responsible for his condition, namely, that he had been working on setting up a die which was lifted with a fly wheel and when he pulled down on this fly wheel he felt like he was tearing loose in the chest.

It is urged that this testimony is inadmissible.

We are of opinion that it was properly received.

**Industrial Commission v. Moundjoy, 36 Oh Ap 476.**

Van Allen v. The Industrial Commission, 26 N. P. (N. S.) 179.

It fairly appears that Mr. Franken was at the time that he told his wife what had occurred at the factory still suffering from the continuing effects of the injury.

We have heretofore held that dilatation of the heart may be the result of an injury compensable under the workman's compensation act in accord with the 2nd Syllabus of **Industrial Commission of Ohio v. Betleyoun, 31 Oh Ap, 430.**

We are of opinion that there was evidence in this record upon which the jury could properly render its verdict and that no error intervened to the prejudice of plain-

tiff in error by the judgment of the trial court.

Judgment affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.