LEHMAN v HARVEY

Ohio Appeals, 2nd Dist, Franklin Co

No 2258. Decided March 3, 1933

Walter R. Snyder, Worthington, for plaintiff in error.

John W. Bricker, Attorney General, Columbus, and Isadore Topper, Assistant Attorney General, Columbus, for defendant in error.

HORNBECK, J.

The petition in error sets up three grounds:

(1) Error in sustaining the motion of the defendant in error for judgment for defendant notwithstanding the verdict.

(2) In setting aside the verdict of the jury, and in granting judgment for the defendant in error.

(3) Giving judgment to defendant in error when it should have been given for plaintiff in error.

The questions presented in this court are well stated in the supplemental brief of plaintiff in error. The first is: Does the petition state a cause of action? The petition was taken verbatim from Bates' Pleading and Practice, 4th Edition, page 1385. A petition in the same form was under consideration in Drinkwater v Jones, 13 O.C.C., 489. Somewhat similar objections were there, as are here, urged against the petition, but the court said at page 490:

"We have examined the petition, and although it is exceedingly brief, we think it fulfills the requirements of the code in that respect, and is substantially in the form of a petition found in the 33 Oh St, 186." (Truesdell v Combs).

The court was correct in its statement that the form of the petition found in Truesdell v Combs is substantially the same as was considered in Drinkwater v Jones but the court in Truesdell v Combs did not pass upon the sufficiency of the petition nor was this question tested in that court.

But it is urged by counsel for defendant in error that inasmuch as the pronouncement of the court in Drinkwater v Jones respecting the sufficiency of the petition was not carried into the syllabus it cannot be said to be the law of the case. This does not necessarily follow. A reading of the opinion convinces that the question was presented, considered and determined.

The Common Pleas Court of Hamilton County in Gerdes v Garrett et, 11 O.D., 814, evidently had a petition like the one in the instant case before it for consideration. It was tested upon general demurrer and the demurrer overruled. The opinion is short and cites Diehl v Friester, 37 Oh St, 473, to the effect that in an action for false imprisonment the gravamen is the unlawful act of the defendant. Galimore v Ammerman, 39 Ind., 323, is also cited to support the action on the demurrer.

Many of the reasons upon which it is claimed the petition is faulty must be found, if at all, in the evidence. There is nothing in the petition to indicate that Athens L. Lehman was not the person against whom the affidavit was filed, nor that the misunderstanding, if it may be so characterized, arose because of the failure of the officer who prepared the warrant to carry the correct name of the defendant into the warrant.

All of these matters and others which originally were urged in the answer brief of defendant in error would be reached upon a demurrer to the evidence and not upon a demurrer to the petition. It is said in Bates' Pleading, Vol. 2, page 1658, that under the Code it is not necessary to state at length all the circumstances and the particular instrumentalities by which plaintiff was deprived of his liberty. Akin v Newell, 32 A.R.K., 605; Eddy v Beach, 7 Abb. P.R. 17; Shaw v Jayne, 4 Howe P.R. 119.

Pleading the facts in extenso was condemned and the shorter petition, as in the form which was used by plaintiff in error, was recommended. Eggleston v Schibel, 99 N.Y.S., 969. The cases cited from states other than Ohio are not helpful when we have relevant authority here.

We are of the opinion that, giving to the petition in this case favorable interpretation for the pleader as must be done under the Code at this stage of the proceedings, it states a good cause of action against defendant in error.

The second issue raised is:

"If the petition states a cause of action did the trial court have authority to sus-

tain defendant's motion for a judgment notwithstanding the verdict."

The answer to this question is found in the statute, §11601, GC.,

"When, upon the statements in the pleadings, one party is entitled by law to judgment in his favor judgment shall be so rendered by the court although a verdict has been found against such party."

The language of the statute is definite and authorizes the court to enter judgment upon the statements in the pleadings only. The identical question was considered in **Baltimore & Ohio Railroad Company v Nobil, 85 Oh St, 175.** The syllabus:

"In disposing of a motion for judgment notwithstanding the verdict of a jury, the trial court is confined to a consideration of the statements in the pleadings, and the record outside of the statements in the pleadings should not be considered in deciding such motion. **McCoy et v Jones et, 61 Oh St, 119,** approved and followed."

The motion was for judgment notwithstanding the verdict on the following grounds:

That "on the undisputed facts appearing of record, and notwithstanding said verdict, the plaintiff is not entitled to recover and defendant is entitled to have judgment rendered in its favor.

As a matter of law the jury should have returned a verdict for the defendant.

Under the law as given to the jury by the court and the undisputed facts appearing of record, the plaintiff, as a matter of law, was not entitled to recover and the defendant was."

The court at page 185 quotes with approval from the second syllabus of **McCoy et, Trustees v Jones, 61 Oh St, 119:**

"Courts are confined to a consideration of the statements in the pleadings in disposing of a motion for judgment notwithstanding the verdict under §5328 Revised Statutes (now §11601 GC). The record outside of the statements in the pleadings should not be considered in disposing of such motion."

The third question presented is:

"If the trial court had no authority to sustain defendant's motion for a judgment notwithstanding the verdict, then can the trial court arbitrarily set a verdict aside and vacate it without at the same time granting a new trial?"

It is further claimed that the journal entry does not disclose that the trial court passed upon the motion for a new trial. An examination of the opinion of the trial court as well as the judgment entry is convincing that the court passed upon two questions which could only have been determined as upon motion for new trial, namely, that the verdict was excessive and that there was no evidence to show that the defendant demanded, procured, aided, or participated in the arrest of the plaintiff and that the verdict of the jury was therefore contrary to law. The judgment of the trial court is based upon the findings in the entry going before and preliminary thereto, and if anything therein set forth supports the judgment it must be sustained.

We have no bill of exceptions before us and therefore must accord to the judgment of the trial court every legal intendment favorable to its validity. Thus, we must say that the trial court was correct when it found that there was no evidence whatever to support a material averment of the petition. But, granting this it is further contended by plaintiff in error that upon the motion for new trial the court has no authority to enter final judgment, but is restricted to the granting of a new trial.

In this connection it is helpful to examine §11576, GC, which sets forth the causes for which a new trial may be granted by the trial court. There are eight such causes. Before stating these causes the statute reads:

"A former verdict, report, or decision shall be vacated, and a new trial granted by the trial court on the application of a party aggrieved, for any of the following causes affecting materially his substantial rights."

Cause No. 4 is: "Excessive damages appearing to have been given under the influence of passion or prejudice." This cause was found to be present in the record.

The 6th cause is that the verdict, report, or decision is not sustained by sufficient evidence or is contrary to law. The trial court found that the verdict was contrary to law in that there was no evidence to support a material averment of the petition.

We have presented a procedural question which tests the power of a trial court to enter final judgment upon a finding that he erred in failing to sustain a motion for directed verdict at conclusion of plaintiff's case and at the conclusion of the whole case. The language of the statute provides

in terms only for the granting of a new trial upon a showing of any one of the causes assigned. This is the section under which defendant's motion was filed. A simple test of the power of the court during the trial of a jury case is interesting. Let us assume that in the trial of the instant case the evidence in behalf of plaintiff had been offered and she had rested. Thereupon, defendant in error moved for a directed verdict. Could the court without the intervention of a jury enter final judgment upon such motion? Obviously it would be mandatory upon the trial judge to direct the jury to return a verdict and upon this verdict to enter judgment. Is this the status of the instant case upon a motion for new trial though the trial judge may have been satisfied that he erred in refusing to sustain the motions to direct a verdict. There was no evidence to support a material averment of the petition, and it is urged that the court was without power to enter judgment for a failure to observe the procedural requirement that the verdict be returned by a jury. If the trial judge could not, during the progress of a trial, have entered judgment without the intervention of a jury and a verdict, would he have other or further power upon a motion for a new trial.

The language of the Supreme Court in Railroad Co. v Nobil, supra, respecting the obligation of trial court to conform to procedural requirements of statute, is pertinent, page 182.

"There are somewhat well-established unwritten rules of practice as to minor details of trial, but they must conform to and not override the written code, for in it is found the general course of procedure at and throughout a trial, and the disposition of the rights of the parties until final judgment. This, the Legislature in adopting the Code, regarded as the better guarantee of an orderly and fair trial."

It is said in Clemence v Hudson & M. Railway Company, 11 F. (2d), 913:

"Trial judge after setting verdict aside had no authority to direct verdict of his own and enter judgment thereon, and the Circuit Court of Appeals can do no more than reverse such judgment and direct new trial."

In Gilbert v Finch et, 76 N. Y. S., 143, the court says:

"There can, from the very nature of things, be no such thing as a verdict directed unless both the court and jury are present, because in such verdict there is involved an order by the court and an execution of the same by the jury. Once a jury has been discharged, the court has no power to direct a verdict, because there is not only no one to direct, but no one to execute the direction."

The error at law which the trial court in the instant case found was the failure to direct a verdict. Upon this determination can the trial judge avoid the procedural step which requires the presence of a jury and enter judgment upon sustaining the motion? A motion for judgment, notwithstanding the verdict, serves the purpose of a demurrer to the pleadings, is purely a question of law and, if sustained, may be effectuated by a judgment of the court. A motion for directed verdict is a demurrer to the evidence and though determined as a matter of law, the verdict of the jury must be returned before a judgment can be declared upon it by the court. There is forceful reasoning that no other or further power is granted to the court upon sustaining motion for a new trial, for an error of law in failing to direct the verdict.

The claim of plaintiff in error finds support in many jurisdictions outside of Ohio. We refer to some of them without discussion: Daugherty v Salt, (N. Y.), 125 NE, 94; Klein v Katz, 193 N. Y. S., 98; Kupperman v Zirinsky (S. C.), 96 SE 905; Thomas v Kansas City Elevated Ry. Co. (Kan.) 90 Pac., 816; Hamburger v Illinois Central Ry. Co. (Tenn.), 196 SW 144; U. S. Fidelity & Guarantee Co. v Calvin, 17 SW (2d.), 675; Smith v Jaggers, 16 SW (2d) 137; McDonnell v Shine, 86 Wash., 393; Hurley v Kennally, 186 Mo. 225; Rankin v Oates, 183 N. C., 517; Loy v McDowell, 85 Okla. 286; Shine v Epstein, 110 SW, 433; Drewry v Hughes, 151 N. C., 295.

However, an examination of these cases will disclose that in many of them there were issues of fact which would have supported the decisions of the reviewing courts independent of the holding that the trial courts were without power to enter final judgment.

Notwithstanding the logic of the claim of plaintiff in error and cases outside of Ohio which strengthen it, and the opinion of trial judges of which the writer of this opinion has knowledge, we are convinced that our Supreme Court has inferentially held that a trial court has the right to enter final judgment, contra verdict on motion for new trial, where the facts are

agreed and there is no dispute in the evidence presenting only a question of law for determination of the court. It is provided by §12272, GC, that

"When a judgment or final order is reversed, in whole or in part, in the Common Pleas Court, Court of Appeals or Supreme Court, the reviewing court shall render such judgment as the court below should have rendered, or remand the cause to that court for such judgment."

Acting upon this statutory authority the Supreme Court has many times entered final judgment against the party who had secured a verdict and judgment in the trial court. This action implies that the trial court had like power on motion for new trial. Such power could only be invoked where as a matter of law upon the pleadings or the evidence the party interposing the motion was entitled to a judgment.

It is evident that in many of the cases wherein the Supreme Court has entered final judgment the only manner in which the trial court could have entered such judgment would have been upon sustaining a motion for new trial wherein one of the grounds of the motion was a failure to direct a verdict at the conclusion of all of the evidence. The trial judge could not have entered such a judgment without the interposition of a jury during trial; it follows that if such judgment is rendered it must be after trial and without a jury and upon motion for new trial. The Supreme Court seems to have acted upon the theory that it would be a vain and useless procedure to follow the statute strictly, grant a new trial, take testimony and then do that which is inevitable upon the undisputed facts.

"Where the facts are conceded, or there is no conflict in the evidence, or the facts have been found by the court below or sufficiently appear from the record or pleadings to enable a reviewing court to determine the case, such court may proceed to render final judgment."

2 O. Jur., 1174. Citing Cols. P. & I. R. Co. v Simpson, 5 Oh St, 251; Bunn v Kinney, 15 Oh St, 40; Clay v Edgerton, 19 Oh St, 549; Minnear v Holloway, 56 Oh St, 148; Reiff v Mullholland, 65 Oh St, 178; Graham v German American Ins. Co., 75 Oh St, 374; Penna. Co. v Mehaffey, 75 Oh St, 432; Stewart Iron Co. v Israel, 75 Oh St, 563; Eberling v Cole, 75 Oh St, 585; German Ins. Co. v Cleckner, 75 Oh St, 622; Moulton v Finney, 76 Oh St, 622; State ex Coles v Shook, 97 Oh St, 164; Riley v McNicoll, 109 Oh St, 29; Massenhorst v Wilby, 45 Oh St, 333, and others.

Upon the finding of the trial court on the motion for new trial there was no issue of fact, (independent of the sufficiency of the pleadings) before the jury at the conclusion of plaintiff's case or at the conclusion of the whole case. There was nothing for the jury to determine. The question was one of law for the court. As there was no dispute in the legal effect of the evidence but one result could obtain, namely, that the defendant was entitled to a judgment. This power to enter judgment, has been approved by the Supreme Court.

That the court has such power is held in Cammon v Abrams, (Wis.) 10 NW, 479. To like effect, F. W. Woolworth Co. v Connors, (Tenn.) 222 SW, 1053; Chesapeake & Ohio Ry. Co. v Baker, (Va.), 140 SE, 648; One Chrysler Roadster v Commonwealth (Va.), 147 SE 243.

To restate our findings we hold,

(1) That the petition states a cause of action;

(2) That upon motion for judgment verdicto non obstante, the court could only consider the pleadings, and as the petition stated a cause of action, the motion should have been overruled.

(3) The court had the power upon the motion for new trial to enter final judgment against the plaintiff in error.

The judgment will, therefore, be affirmed.

KUNKLE and BARNES, JJ, concur.

ON APPLICATION FOR REHEARING

No 2258.   Decided March 23, 1933

Submitted on application of plaintiff in error for rehearing.

We have examined the comprehensive brief of counsel for plaintiff in error, submitted with the application, and have noted the various headings under which it is asserted the court erred in its judgment in this case. It is true that many of the cases cited by the court wherein the Supreme Court entered final judgment were not jury cases. However, many were jury cases, in which it is reasonaby certain there were motions for directed verdict at the conclusion of the plaintiff's case and at the conclusion of the whole case. We now have in mind two cases recently decided by the Su-

preme Court and final judgment entered for defendant below, wherein there had been general verdicts for the plaintiff below and in both cases there had been motions for judgment for defendant at the conclusion of plaintiff's case and at the conclusion of the whole case. We refer to the cases of **Pennsylvania Railroad Co. v Moses**, No. 23506, Dec. 7, 1932; 125 **Oh St**, 621, (The Ohio State Bar Assn., Feb. 15, 1933); Industrial Commission of Ohio v Franken, Admrx., No. 23222, March 1, 1933; (**11 Abs 202**); (126 **Oh St** 299); Poe v Liberty. Paper Board Co., No. 23714, Feb. 22, 1933. In this case the Court of Appeals entered final judgment. The Supreme Court refused to certify. Many other such cases have come to our attention, the citations to which we do not now have at hand.

Upon the proposition that it was incumbent upon the defendant in error to produce a bill of exceptions in this case, we feel counsel for plaintiff is in error. The journal entry recites, in substance, that there was no evidence upon one material averment of the petition to support the general verdict. This we must accept as true upon the state of the record, as every legal intendment must be indulged to support the judgment of the trial court. There is then presented to us the one question, whether, upon a general verdict for the plaintiff, the trial court, on motion for new trial wherein it appears that there were motions for directed verdict and there is no evidence in the record to support a material averment of the petition, can enter a final judgment for defendant.

We have examined the added authority cited, the **Youngstown & Suburban Ry. Co. v Faulk**, 114 **Oh St**, 572. In our judgment it only holds that in that case it was error for the trial court to refuse to grant a new trial which was all that the record would support. The plaintiff in error had not renewed his motion for a directed verdict at the conclusion of the whole case.

If the question were one of first impression, we would, under the strict interpretation of the statute, hesitate to say that the trial court had such power, but in view of the action of the Supreme Court in many cases, we are of opinion that, as the Supreme Court can only enter such judgment as a trial court should have entered, it has, by implication at least, put the stamp of approval on the right of a trial court to enter final judgment under the circumstances appearing in this case.

We, therefore, adhere to our former opinion and the application for rehearing will be overruled.

HORNBECK, PJ, KUNKLE and BARNES, JJ, concur.