## MICHIGAN, OHIO, INDIANA COAL ASSN v NIGH

Ohio Appeals, 2nd Dist, Franklin Co

No 2573.   Decided Oct 26, 1935

John R. Horst, Columbus, and L. C. Barker, Columbus, for plaintiff in error.

J. A. Shearer, Columbus, for defendant in error.

## OPINION

By BODEY, J.

It is well settled that the order of a trial court granting a motion for new trial on the weight of the evidence is not a final order. Since it is not a final order no error proceedings may be predicated thereon. **Huff v Pennsylvania Railroad Company, 127 Oh St, 94.**

May the plaintiff in error prosecute this error proceeding from the order of the trial court in refusing to render judgment in its favor on the motion for new trial? As above stated, no other motion appears in the record. We infer from the language adopted by the trial court in the above quoted entry in which it overrules the motion of plaintiff in error for judgment in its favor that the motion before it was for judgment non obstante veredicto. Such was the case before this court in the case of **Lehman v Harvey, 45 Oh Ap, 215, (14 Abs 494),** to which counsel for the plaintiff in error have referred. We know of no other motion for judgment which might be filed under such circumstances. However, in passing on a motion for judgment non obstante veredicto, under the provisions of §11601 GC, the court is confined to a consideration of statements in the pleadings, and the record outside of such statements should not be considered. Lehman v Harvey, supra, and cases therein cited. With this rule in mind, the court has considered the pleadings in this case. There is no question but what the petition states a cause of action and that a court would commit prejudicial error if it rendered judgment on these pleadings. Since this is true it follows that the motion of the defendant below for judgment was properly overruled by the sourt.

Counsel for the plaintiff in error again cite the case of Lehman v Harvey, supra, in support of its contentions that the trial court erred in overruling various motions to dismiss which were entered during the progress of the trial. If the plaintiff in error desired to predicate error upon the action of the trial court in overruling its motion to dismiss during the trial it was not necessary to file a motion for a new trial. **Baking Company v Middleton, 118 Oh St, 106, and Inglish v Industrial Commission of Ohio, 125 Oh St, 491.** The time for filing a petition in error in such a case would begin to run from the date of the overruling of the motion for directed verdicts. The time would not be extended by reason of the fact that the plaintiff in error unnecessarily filed a motion for new trial. The time for filing the petition in error would be seventy days from the date the court overruled the motion for a directed verdict according to the provisions of §12270 GC. The record discloses that the plaintiff rested her case below on September 20, 1933, and that the motion for directed verdict was made and overruled on that date; further, that the defendant rested its case on September 22, 1933, and thereupon renewed its motion for a directed verdict. Had the trial court overruled the motion for new trial of the defendant below all of these matters could have been brought up on a petition in error. The converse of this rule is true and the defendant below, having been successful on its motion for new trial, could not seek a review by this court of the action of the trial court in overruling its motions for directed verdicts unless error was prosecuted directly from such rulings and within the seventy day period. There is no error in this record which is prejudicial to plaintiff in error. The judgment of the lower court will be affirmed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.