SHIPE v NORFOLK & WESTERN RY CO

Ohio Appeals 2nd Dist, Franklin Co

No 2563.   Decided Oct 28, 1935

Wilbur E. Benoy, Columbus, and U. Grant Sain, Columbus, for plaintiff in error.

Pomerene & Boulger, Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

The court's determination in entering judgment in favor of the defendant was based on the fact that the regulations to which the plaintiff had subscribed in his application for membership, contained the provision that the determination of the Medical Examiner that he was able to work on June 19, 1926, was a final determination of a material fact involved, save and except the right of appeal, as provided in Regulation 62. Also that the appeal, being denied in the first instance by the Superintendent and later by the Advisory Committee, there was invoked the following, as contained in the last few lines of the last paragraph of Rule 62, to-wit:

"And the decision arrived at thereon by the Advisory Committee shall be final and conclusive on all parties without exception or appeal."

We think the rule of law is well established in this state, as well as in other jurisdictions, that parties may agree in advance to refer questions of fact to a fact-finding body, and their determination will be final unless impeached by fraud or manifest mistake. This is the exact language stated by Chief Justice Burket in the case of **B. & O. R. R. Co. v Stankard et, 56 Oh St 224,** at page 232:

"Such fact when ascertained and fixed by the person, and in the manner provided by the terms of the contract, is conclusive between the parties, in the absence of fraud or manifest mistake; but the parties are at liberty, after so fixing such fact to go into court and litigate such differences as may still exist between them. In such contracts, the person selected to determine the particular fact, becomes the agent of both parties for that purpose, and what is done by such agent is, in legal effect, done by the parties themselves, and therefore there is no hardship in holding them conclusively bound thereby, in the absence of fraud or mistake."

The following cases are cited as example of such contracts:
**Easton v Canal Company, 13 O., 81;**
**Railroad Company v Veeder, 17 Oh St 385;**
Mundy v Railroad Company, 67 Fed. Rep., 633;
**Kane v Stone Company, 39 Oh St, 1;**
Railroad Company v McGrann, 33 Pa. St., 530;
Faunce v Burke, 16 Pa. St., 469;
Navigation Co. v Fehlon, 4 Watts & Sergeant, 205;
Hamilton v Insurance Co., 136 U. S., 242; 33 Central Law Journal, 168.
On page 233, speaking on the same subject, Judge Burket makes this further observation:

"Such contracts are in their nature only applicable to cases wherein it becomes necessary to fix some facts, leaving the question of law to be settled by the courts upon proper proceedings. The ultimate question to be determined—the liability or non-liability of the parties—must be left to the courts. The construction of a written contract is a question of law for the court, and a provision in the contract that the construction of such contract, or the meaning of rules or regulations shall be finally determined by some designated person, is void, because the court can not be robbed of its jurisdiction to finally determine such questions. In insurance and other like cases where the ultimate question is the payment of a certain sum of money, certain facts may be fixed by a person selected for that purpose in the contract, but the ultimate question as to whether the money shall be paid or not, may be litigated in the courts, and a stipulation to the contrary is void."

Counsel for the plaintiff urge very earnestly and persuasively that the syllabus and other excerpts from the opinion support and demand a reversal of the trial court. We take from the brief of counsel for plaintiff the following recent decision of the Supreme Court which recites a principle very often announced by the court of last resort.

"The syllabus of the decision of the Supreme Court of Ohio states the law of Ohio, but such pronouncement must be interpreted with reference to the facts upon which it is predicated, and the question presented to and considered by the court."
**Williamson Company v Radich, 128 Oh St 124.**

Applying this case to the statement in the Stankard case, 56 Oh St, supra, we very easily determine that **no facts** were involved of a character which the law would permit to be determined by the Superintendent of the Relief Department or by the Advisory Committee on appeal.

Rule 11 is set out in full on page 229 of the opinion and is materially different from Rule 62 in the instant case. No provision is contained therein providing for the determination of the fact of sickness, injuries through accident, recovery and ability to work and so forth. There is the provision that all questions or controversies of whatsoever character arising in any manner or between any parties or persons in connection with the Relief Department or the operation thereof, which may be broad enough to include factual questions permitted to be determined under regulations. However, the question of sickness, its continuation, recovery or any other question of like character are not involved in this reported case.

Rule 11 attempted to confer on the Superintendent, with right of appeal to the Advisory Committee, the fixed and final authority to determine the construction of the language or meanng of the regulations

or any writing, decision, construction or act in connection therewith, and this, the courts say, may not be done; but this was practically the entire applicable provision of Rule 11 under consideration by the Supreme Court

The statement of the case discloses that Michael Stankard, an unmarried man at the time of his death and a member of the Relief Department, became sick on the 27th of January, 1890, and continued sick until his death on the 18th of November, 1890, having received no sick benefits during his sickness. The parents of Michael filed the action seeking to recover the death benefits of $1000.00 and $484.00 sick benefits. The petition made the proper averments of performance of conditions. The answer of the Railroad Company made specific denial that he was in the employ of the Railroad Company at the time of his sickness or of his death, and further denied that he properly notified the Railroad Company of his sickness. Rule 11 was also set up as a complete bar to plaintiff's action.

It will be observed that the issue was raised as to the performance of conditions precedent of plaintiff's decedent.

The first paragraph of the opinion of Judge Burket is very enlightening:

"The questions as to whether or not Michael Stankard was in the employ of the company at the commencement, and during the time of his sickness, and at his death, and whether or not the company was properly notified of his sickness, are questions of fact submitted to the jury upon testimony competent in character, meager and unsatisfactory in substance, but from which a jury might find, as this jury did, in favor of the plaintiff below."

This leads us to inquire as to what was the real question involved from which the court evolved its syllabus.

We find Judge Burket making the following statement in the second paragraph of his opinion:

"The only matter in the case deemed worthy of report, is as to the validity and scope of rule eleven."

Then is set out in full Rule 11 to which we have heretofore referred.

One of the questions involved was whether or not the parents had perfected their appeal. It was the holding of the court that it being shown as a fact that the claim being presented to the Superintendent of the Relief Department, who, instead of acting on it referred it to the Committee, and the Committee then acting thereon, would be the equivalent of and took the place of an appeal, and the case would stand as though the appeal had been taken and the claim rejected by the Advisory Committee. The Advisory Committee declined payment and the reason therefor is set forth as follows:

"Because of his failure to report in accordance with the regulations."

This seemed to be the sole controverted question of fact, and as stated by Judge Burket in the first paragraph of the opinion, "this was determined by the jury in favor of the claimants."

Considering the syllabus in the light of the statement and opinion, through which we ascertain the nature of the controversy and by giving application to the principle that the syllabus must be interpreted with reference to the facts upon which it is predicated (128 Oh St, 124), we are unable to conclude that the Stankard case, 56 Oh St, supra, in any way supports the contention of counsel for plaintiff.

Counsel for defendant cite the case of **Myers et v Jenkins, 63 Oh St, 101.** This case differs very substantially in its facts from the instant case. Therein the issue is raised and determined that the plaintiff could not appeal to the courts until he had exhausted his remedy for appeal, as provided in the by-laws of the lodge. Had we not determined that the appeal was perfected in the instant case, the reported case might be determinative of that question.

On the question of factual finding, Judge Burket at page 121, makes the following observation.

"As pointed out in the case of B. & O. R. R. Co. v Stankard, supra, contracts may provide for ascertaining and fixing certain matters in a particular manner, but the ultimate adjudication of the questions of law must remain in the courts, unless waived after the rights have accrued, or the obligations have been incurred. Jurisdiction can not be conferred upon courts by contract, and it can not be taken away by contract; but in certain cases a party may be estopped by his contract from invoking the jurisdiction and aid of a court in his behalf."

If we understand the contention of counsel for plaintiff correctly, he is in accord with the rule of law that parties may

in advance agree that the determination of facts may be submitted to and determined by a fact-finding body, and may also agree that such finding will be final. The contention, as we understand it, is that the determination by the Medical Examiner and concurred in by the Superintendent and later by the Advisory Committee, that the plaintiff was able to work, is a mixed question of law and fact and therefore is controlled by the syllabus in 56 Oh St, 224.

We have read the well considered opinion of the trial court on this question and concur in his opinion on this branch of the case.

A very recent decision by Judge King, of the Court of Common Pleas of Franklin County, reported in 30 N. P., N. S., page 47, considered the identical question under very similar facts. This opinion discloses much research and careful thought. His conclusions were the same as those of the trial court in the instant case.

It can serve no good purpose to make special reference to many other cases cited by counsel on both sides.

We find nothing in any of them that is not reconcilable with our announced theory of the law.

It is our conclusion that the determination on the question as to whether or not the plaintiff had sufficiently recovered so as to be able to work was a question of fact and that the provisions of the by-laws prescribing a fact-finding body on this question is authorized under the law. Penn v Reager, 152 Ky., 824 (154 SW, 412), 169 Ky., 479 (184 SW, 395); Hunt v Northern Cent. Ry. Co., 108 N. Y. Supp., 267, 3d Syl. The ultimate determination of this question on appeal by the Advisory Committee against the plaintiff is final and can not be further adjudicated by the courts. We think under the state of the record that the trial court was authorized to enter final judgment. Lehman v Harvey, 45 Oh Ap, 215 (14 Abs 494).

A further procedural question is presented by counsel for plaintiff on application for rehearing in the trial court and motion to file third amended petition, the same being submitted with the motion. This was not presented under the claim that it was necessary to comply with the evidence, but rather to present the issue of fraud and mistake. Questions of this kind are frequently in the interest of justice allowed by the trial court in the exercise of a sound discretion. We can not conceive that a party can go through a long protracted trial upon one theory and after decision, insist, as a matter of right, that he should be permitted to try the case on another theory. We would further call attention to the fact that the third amended petition, as presented, charges fraud against the Medical Examiner. We would call attention to the fact that the regulations provided that on appeal evidence and argument in writing may be submitted. Thereby the right is given to the appellant to present his matter de novo and allegations of fraud would have to be made against the Advisory Committee. We find no error in the action of the trial court in refusing plaintiff's motion to file a third amended petition.

Finding no prejudicial error in the record, the judgment of the lower court will be affirmed.

Entry may be drawn in accordance with this opinion.

Exceptions will be allowed.

HORNBECK and BODEY, JJ, concur.