RICHTER v WHEELING & LAKE ERIE RAILWAY CO

Ohio Appeals, 9th Dist, Lorain Co

No 737.   Decided Nov 7, 1935

Stevens & Stevens, Elyria, and Cyril J. Maple, Elyria, for plaintiff in error.

Squire, Sanders & Dempsey, Cleveland, and H. C. Johnson, Elyria, for defendant in error.

## OPINION

By WASHBURN, J.

The proceedings just referred to, upon the motion for a new trial, occurred about 14 months after the verdict had been returned by the jury. The case is again before this court, challenging the right of the court to permit the motion for a new trial to be amended, and, upon the finding that the defendant was entitled to a new trial and judgment in its favor, to render final judgment in favor of the defendant.

In view of the conclusion we have reached, we do not find it necessary to decide whether the court erred in permitting said motion for a new trial to be amended so long after rendition of the verdict, and in such important particulars. In view of the subsequent action of the court, the change made may have been more in the nature of a substitution than an amendment.

It is well to keep in mind that this is not a case where the facts were agreed upon, or where there was no conflict in the evidence, and that in obedience to the mandate of this court to pass upon the motion for a new trial the trial judge found that the verdict was not sustained by sufficient evidence and was manifestly contrary to the weight of the evidence, and that therefore there was no occasion for the court to apply the ruling principles of law to uncontroverted facts and render judgment accordingly.

If the court was without power to review its own record made at the trial and correct errors made therein, the only relief it was authorized to afford the defendant was to grant the defendant a new trial.

Previous to September of this year, there was no statutory authority in this state by which the Common Pleas Court was authorized to render final judgment under the circumstances indicated. The statute as now in force on that subject (§11601, GC) was not enacted until after said judgment was rendered.

At common law a court was not authorwhich it found should have been rendered during the trial, save and except in cases where there was a reservation of the ruling ized to render a judgment after verdict on the motion to direct a verdict for de-

fendant at the conclusion of all of the evidence, and in which the verdict for the plaintiff was taken pending the court's ruling on such motion and subject thereto. Under such circumstances the court had the right, at common law, to set aside the verdict and grant the motion for a judgment in favor of the defendant.

In a late case in the Supreme Court of the United States, it is said that the origin and basis of such practice at common law was the fact "that it gave better opportunity for considered rulings, made new trials less frequent, and commanded such general approval that parties litigant assented to its application as a matter of course."

Baltimore & C. Line v Redmand, 79 L. Ed. 1636.

We do not find it necessary to determine whether such common law rule obtained in Ohio, for the reason that in the case at bar there was no reservation by the trial court of its ruling upon the motion made at the close of all the evidence; on the contrary the court ruled at that time against the defendant.

There are statutes in some of the states embodying the chief features of the common law practice of the court taking the verdict of the jury subject to its opinion on the question of the sufficiency of the evidence, and the recent enactment by the legislature of Ohio gives to the Common Pleas Court the right, after verdict, to change its ruling made during the trial as to the sufficiency of the evidence, regardless of whether there was any reservation.

Such has never been the practice in Ohio generally, and it is safe to say that, until very recently, there has been no attempt on the part of trial judges to function according to any such practice as is now provided for by the recent enactment of the legislature.

With three exceptions, we have been unable to find any reported case in Ohio in which any such practice was attempted by trial judges. In one such case the authority to so function was attempted to be justified as a common law right, and in that case the trial judge reserved his decision on the motion (Stevens v Akron Palace Theatre Corp., 3 OO 401), and in another case, involving the right to a mechanic's lien, a question of law only was presented because the ultimate facts were undisputed (Silver et v Thomas et, 9 Oh Ap 187), and in the other case (Lehman v Harvey, 45 Oh Ap 215), (14 Abs 494) it is said that authority for such action is implied because reviewing courts, upon reversal of a trial court, in exercising authority under §12272, GC, to render "such judgment as the court below should have rendered," have rendered judgments for the defendant in cases where the reviewing courts found that the trial court should have rendered such a judgment upon the motion to direct a verdict at the close of all of the evidence.

We do not feel that such implication of authority is justified, because in such instance the reviewing courts have before them and are reviewing the proceedings of the trial, and find that the trial judge should have granted the motion at the conclusion of all of the evidence, and not that he should have granted the motion after he had overruled it and after verdict.

In passing upon a motion for a new trial, the trial court is not acting as, nor exercising the powers of, a reviewing court; after a trial is completed, the trial court may do only such things as it is authorized to do by statute, or possibly, where not inconsistent with the statutes, as it is authorized to do by the common law.

The statute specifically defines a new trial as "a re-examination, in the same court, of an issue of fact, after a verdict by a jury," and, as we interpret the procedure set forth in the statutes relating to the Common Pleas Court at the time of the trial of this cause in that court, the trial of a cause ended with the verdict of the jury.

Unless the trial judge was authorized to exercise common law powers with reference to this matter, and, in doing so, reserved, until after the verdict, his decision on the motion to direct a verdict at the close of all the evidence, and thus extended the trial so as to include his ruling on such motion, the trial ended with the verdict, and thereafter he could exercise only the powers conferred upon him by chapter 5, dealing with new trials (§11575, GC, et seq.)

Unless the trial judge possesses said common law powers and reserves his decision as just indicated, he is not, after the verdict, engaged in the trial of the case, and he cannot, in the absence of statutory authority, do, as was done in the instant case, that which he could have and should have done at the trial. He can grant a new trial, but upon such re-examination of the issues of fact the parties have the right to a jury trial.

During the trial of this case, the court could have, at the conclusion of all of the evidence, discharged the jury and rendered judgment for the defendant (for that is not the depriving of a party of a jury trial within the meaning of the Ohio Constitu-

262

tion: **Keller v Stark Electric Ry. Co., 102 Oh St 114,** and the 7th amendment of the Federal Constitution, preserving trial by jury, applies only to federal courts: **Ashley v Wait, 8 A.L.R. 1463);** but in the absence of statutory authority or a reservation under the common law (hereinbefore referred to), it could not do that after the trial had ended in a verdict for the plaintiff, and thus prevent him from supplementing his evidence upon a new trial.

The object of a motion for a new trial has always been to have the verdict of a jury set aside and to obtain a re-examination of the issues of fact involved in the case, and not to give the trial court an opportunity to correct any errors which may have been made by it during the trial.

The legislature may extend the office of the motion so as to permit a trial judge to change his mind after trial and correct his error in refusing to enter judgment for the defendant at the close of all of the evidence, but the legislature had not done so at the time the trial judge in the instant case assumed to have such power.

That the legislature has since granted such power to trial judges, is no justification for the exercise of such power in this case.

Our conclusion is that the trial judge had no such power and that it was error to render final judgment for the defendant.

Where, after trial, the power to enter a judgment against a plaintiff on the ground of the insufficiency of the evidence does not exist, its exercise cannot be approved on the theory that there was no prejudice to the plaintiff because such power could have been properly exercised during the trial, unless the record shows not only that the ultimate and controlling facts which are uncontroverted are such that plaintiff was not entitled to a judgment, but that the deficiency in the evidence could not be supplied upon a new trial. That situation is not presented by the record in this case, and therefore we do not discuss the question of whether the exercise of such power at such earlier time would have been justified.

That part of the judgment which sets aside the verdict of the jury because it is not sustained by sufficient evidence and in legal effect grants the defendant a new trial, is affirmed, and the balance of said judgment, being contrary to law, is reversed, and the cause is remanded to the Common Pleas Court to be proceeded in according to law.

Finding that the judgment agreed upon by the judges of this court is in conflict with a judgment pronounced upon the same question by another Court of Appeals of this state (**Lehman v Harvey, supra, 14 Abs 494),** the record of this cause is certified to the Supreme Court for final determination.

FUNK, PJ, and STEVENS, J, concur in judgment.