**STOUGH, Plaintiff-Appellee v. INDUSTRIAL COMMISSION, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3569.   Decided July 13, 1943.

Herbert S. Duffy, Columbus, and Thomas J. Duffy, Columbus, for plaintiff-appellee.

Thomas J. Herbert, attorney general, Columbus, Robert E. Hall, assistant attorney general, Columbus, Albertus B. Conn, assistant attorney general, trial counsel, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment in favor of the plaintiff, finding that she was entitled to participate in the Workmen's Compensation Fund by the reason of the accidental death of her husband, Carl C. Stough, an employee of the Owens-Illinois Glass Company, a contributor to the fund.

Nine errors are assigned, but we consider two only urged in the brief of appellant.

1. The admission by the trial court of the testimony of Bernice Stough as part of the res gestae.

2. The admission by the trial court of the death certificate as bearing upon the issue of compensable injury, and the court's special instruction to the jury relative thereto, was violative of the hearsay rule, and constituted prejudicial error.

The facts essential to an appreciation of the questions presented are, that plaintiff's decedent entered the employ of the Owens-Illinois Glass Company in April, 1935, and then and thereafter worked as a bottle machine operator. On or about November 26, 1936, plaintiff's decedent was temporarily taken from his regular job and placed at work in setting up a gas producer. No gas was being produced in the machine upon which plaintiff's decedent was working, but adjacent thereto,

was another gas producer in operation from which it is claimed there was emanating fumes which plaintiff's decedent inhaled and as a result thereof an organic or mitral lesion of the heart, known to the employer company, was aggravated and accelerated, resulting in dilation of the heart and death, on August 13, 1939, from myocarditis and decompensation and enlarged heart.

The Commission, on the original application and on rehearing, disallowed plaintiff's claim for the reason that the decedent's death was not the result of injuries sustained in the course of and arising out of his employment.

On the night of the alleged accidental injury, Stough was working a shift, the normal duration of which, or the time of its beginning or of its end, not definitely appearing in the record. It is testified that Mr. Stough left his place of employment between nine and ten o'clock at night suffering from a headache. The plaintiff testifying, said that on the night of her husband's alleged injury he came home around midnight. She, also states that "his shift would have been off then", from which we assume that normally his period of work would have concluded at the plant at midnight. This question was put to the witness:

"Q. Can you tell us what happened on that particular night?"

to which she replied:

"A. He came home when he was supposed to have come home, around 12:00 o'clock—his shift would have been off then—and when he came home, he had his key and he came upstairs—I never got up at any time—he came upstairs and he called me and he was throwing up and I said, 'What made you sick', and he said, 'I got too much gas', and I said, 'Did you have a doctor', and he said, 'No. Colegrove told me to wait in his office', I guess it was, 'until some of the fellows going down that way on that shift, would come home with me', and he said he sat there and sat there and he threw up at different times, and he said his head hurt him so bad that he couldn't sit there any longer and he started down home."

Counsel for defendant moved to strike this conversation, which motion was overruled and this action of the court is made the subject of the first assignment of error.

In our judgment the admission of the foregoing testimony

was prejudicially erroneous under **Bake v Industrial Commission of Ohio, 135 Oh St 627,** the syllabus of which is:

"The admissibility of the statement under the doctrine of res gestae depends upon its having been spontaneous or impulsive. It need not be strictly contemporaneous with the incident to which it relates, but should be in the nature of an exclamation and not a narrative of a past event."

There is in the quoted syllabus no departure from the accepted principle of res gestae, but the application which the court made in the case upon the facts appearing, clearly, in our judgment, precludes the holding that the statement admitted in this case was part of the res gestae. In the **Bake** case, plaintiff's decedent, employed at a kitchen on the campus of Oxford College, Miami University, was taken by his son in the morning to his employment. In the afternoon, about 4:00, the son picked up his father at the kitchen door, and it then appeared that his father was in deep agony, thereupon stated to his son, that he had been injured and the manner and place of his injury. The court held that this testimony was not competent. In the instant case plaintiff's decedent left work between 9:00 and 10:00 o'clock at night. At that time the only evidence of discomforture or ill effects was a headache of which he complained. At twelve, midnight, he returned to his home and at that time was ill and was vomiting. In reply to an inquiry by his wife, he stated the facts which were the subject of the so-called res gestae statement. From the meager facts appearing, in the light of the **Bake** case, it cannot be said that his statement was more than a recital of a past event made in answer to a question; nor did it arise spontaneously.

We have, in **Miles v Industrial Commission, 23 Abs 456,** decided Nov. 14, 1936, held, that a statement made by plaintiff's decedent to his wife at 2:45 P. M., her husband having been injured at about 2:30 P. M. of the same day, respecting his injury and how incurred, was not competent as a part of the res gestae, although plaintiff's decedent was at all times after his injury suffering pain and so suffering at the time of his statement.

We are cited to **Industrial Commission v Franken, 11 Abs 202,** wherein we held that statements made by plaintiff's decedent to his wife upon his return to his home after his accident were part of the res gestae and admissible. The facts apparently are similar, at least, to those in the instant cause. At that time we relied upon **Industrial Commission v Mounjoy,**

**36 Oh Ap 476,** and particularly on **Van Allen v Industrial Commission, 26 N. P. (N. S), 179,** which judgment had been affirmed in the Court of Appeals and motion to certify overruled by the Supreme Court. The only conclusion that we can reach is that **Bake v Industrial Commission, supra,** indicates a purpose on the part of our Supreme Court to restrict the rule to the limits of their announced opinion, and, so doing, it cannot be reconciled with the judgment in the **Van Allen case.**

The second assignment of error relates to the admission of the death certificate of Carl C. Stough, signed by G. A. Gressle, M. D., which disclosed the principal cause of death and related causes of importance in order of onset, as myocarditis, decompensation, and enlarged heart, and contributory causes, dilation of heart 1938, pulmonary hemorrhage 1937, overcome with gas 1937. The court also, at the request of counsel for plaintiff instructed the jury before argument, that the death certificate, admitted as an exhibit, "is prima facie evidence of all the facts therein contained, showing the fact, time and cause of death".

It is asserted by appellant that the admission of the testimony was violative of the hearsay rule.

Dr. Gressle testified that that part of the death certificate relating to the contributory causes of Stough's death were unknown to him personally but were inserted upon information received from another doctor who had theretofore treated Stough.

At the time of plaintiff's decedent's injury and death and up to April 30, 1941, §209 GC, among other things, provided that the certificate of death shall contain the following items:

"(17) Cause of death including the primary and contributory causes or complications, if any, and duration of each."

§231 GC provided in part as follows:

"* * * Such copy, (of the death certificate) when properly certified by the state registrar to be a true copy thereof, shall be a prima facie evidence in all courts and places of the facts therein stated."

It is obvious that the court received this certificate, and charged the jury as to its competency and as to the weight thereof, by virtue of §231 GC. If the statute has application, we would be required to determine its meaning and effect upon the subject matter of the death certificate here.

An examination of the proceedings is necessary to determine if the statute has application in the instant cause. The

transcript of the record of proceedings before the Industrial Commission and the evidence taken in the claim of Carl C. Stough, deceased, discloses, that the preliminary application to the Commission on account of the death of Carl Stough, was dated August 26, 1939, and the date of death stated as August 13, 1939. On October 14, 1940, the Commission disallowed the claim and also dismissed the application for reconsideration, filed August 28, 1939. On October 23, 1940, Mrs. Stough made application for rehearing of her claim. Testimony was taken on the application for rehearing at different times prior to and including March 19, 1941, and the death certificate of Mr. Stough was introduced in the testimony of Dr. Gressle taken before a Referee of the Commission, under date November 28, 1940. On July 28, 1941, the Commission made an entry, "Held for decision; attorney for claimant to file memorandum, etc. When filed claim to be returned to the hearing room for consideration." On August 22, 1941, the Commission disallowed the claim on rehearing.

It is our judgment that the controlling date which will determine the application of §231 GC is Aug. 22, 1941, the time when the Commission acted upon the evidence before it on rehearing. The Commission then had the right to consider only such evidence as was competent and to give such weight to it as the law authorized. If, of that date, §231 GC was no longer effective, it could not be given application in the particulars wherein it provided that it would be prima facie evidence of all the facts contained therein. If it could not be used to that effect before the Commission, it certainly was not admissible at the trial on appeal before the jury. The court erred to the prejudice of appellant in giving the special charge to the jury respecting the scope of the death certificate under §231 GC.

As we understand the claim of the appellant, it does not so much rely upon the inadmissibility of the death certificate under §231 GC, but upon the competency of the statement therein for the purpose of establishing the fact to which the statement relates, namely, the inhalation of the gas by plaintiff's decedent in 1937. Without the benefit of the statute, it is evident that the language of the statement would not be probative of the substantive fact of the inhalation of the gas by plaintiff's decedent but a provision that it have such effect was within legislative cognizance. 17 O. Jur., 35, and citations there made.

At the time that the evidence on the application for rehearing was considered and acted upon by the Commission, §209 GC, prescribing the contents of the certificate of death,

as well as §231 GC, had been repealed and there was enacted a new act relative to registration of births, deaths, and other statistics and the section relating to certificates of death, §1261-61 GC, carried no provision like §231 GC, as to the prima facie evidential effect of a certified copy of the death certificate and its admissibility and effect in the instant case depended upon §12102-26 GC, a part of the Uniform Evidence Acts. This section provides:

"Official reports made by officers of this state, or certified copies of the same, on a matter within the scope of their duty as defined by statute, shall, in so far as relevant be admitted as evidence of the matters stated therein."

This section is broad enough in terms to carry to the jury, as evidence, the matters stated in the death certificate but not broad enough to support the charge of the court as to the prima facie effect thereof.

The court then erred to the prejudice of appellant in the special charge to the jury given at the request of plaintiff before argument.

We have considered the major questions presented by this appeal. We are cited to **Dugan v Industrial Commission of Ohio, 135 Oh St 652,** in the argument relating to the alleged error as to the admission of the statement of plaintiff's decedent to his wife which we have heretofore discussed and determined. This case also has application to another phase of the record before us, namely, the testimony of the physicians of plaintiff's decedent, as to what he said to them wherein, among other things, he stated, that he had inhaled gas at the factory where he worked. These statements, of course, were not evidential of the substantive question whether or not he sustained any injuries by the inhalation of gas and the cited case is authority to that effect. However, the trial judge very carefully, in his general instructions to the jury, said to them that the history relating to plaintiff's decedent's experience at the Owen-Illinois Glass Co. on or about November 26, 1936, as given to his doctors, had no probative value on the question as to whether or not an accidental injury occurred but went only to the question of their diagnoses. This, no doubt, would have cured any error in the admission of the questionable testimony.

Counsel for plaintiff urge that even though it be found that the court erred in the particulars assigned, there is enough probative evidence on all material issues to support the verdict and judgment. We cannot so conclude. This record is not of sufficient weight, force and effect, independent of the

matters reached by the errors assigned, to support the judgment. The judgment will, therefore, be reversed and cause remanded.

BARNES, P. J., and GEIGER, J., concur.

## APPLICATION FOR REHEARING

No. 3569. Decided August 2, 1943.

Herbert S. Duffy, Columbus, and Thomas J. Duffy, Columbus, for plaintiff-appellee.

Thomas J. Herbert, attorney general, Columbus, Robert E. Hall, assistant attorney general, Columbus, Albertus B. Conn, assistant attorney general, trial counsel, Columbus, for defendant-appellant.

BY THE COURT:

Submitted on application for rehearing, consisting of two branches.

We have also received a supplemental brief on the application in the form of a letter from counsel for appellee, in which particular stress is laid upon the application of §26 GC, to the admissibility of the evidence in the death certificate.

We very fully discussed both questions urged on the application and are committed to the view which we expressed in our original opinion.

We have also examined the question presented by the supplemental brief. Although the latter question is somewhat in doubt, we are still of opinion that the charge as to the prima facie case made by the death certificate was erroneous and prejudicial to the rights of defendant. See **Warner v Rd., 31 Oh St 265; Westerman v Westerman, 25 Oh St 500; Bridgman v Bridgman, 27 Oh St 22; Woodruff v State, 36 Oh Ap 287.**

All other matters were carefully considered in our original opinion to which we adhere. The application will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

## MOTION TO CERTIFY RECORD

No. 3569. Decided September 16, 1943.

408

Herbert S. Duffy, Columbus and Thomas J. Duffy, Columbus, for plaintiff-appellee, and for the motion.

Thomas J. Herbert, attorney general, Columbus, and Robert E. Hall, assistant attorney general, Columbus, for defendant-appellant, and contra the motion.

BY THE COURT:

Submitted on motion of plaintiff-appellee to certify the record in this case to the Supreme Court of Ohio for review for the reason that the judgment upon which this Court of Appeals has agreed is in conflict with two other judgments pronounced upon the same question by other Courts of Appeals, namely, **Van Allen v Industrial Commission, 26 N. P. (N. S.), 179,** Court of Appeals of Muskingum County, and **Industrial Commission v Mounjoy, 36 Oh Ap 476.**

The motion will be sustained. In sustaining this motion we are resolving all doubts as to our right to make certification and as to conflict in favor of the plaintiff-appellee. The conflict is more definite in **Van Allen v The Industrial Commission** than in **Industrial Commission v Mounjoy,** but we do not have the opinion of the Court of Appeals in the former case, and secure our information respecting the judgment in that court from a notation at the bottom of the first page of the case as reported in **26 N. P. (N. S.)**

We also are moved to make the certification because of the fact that it will remove the case in its entirety to the Supreme Court where all questions urged in this court on review will be considered and determined. We are in considerable doubt if that part of the death certificate relating to the contributory causes of Stough's death, to which counsel for the Commission objected, is in any view of the law admissible, but we did not hold that it was inadmissible, but that it was not sufficient to support the charge of the court that it was prima facie evidence of the fact therein stated to which objection was specifically made.

BARNES, P. J., and HORNBECK, J., concur.
GEIGER, J., not participating.