STOUGH, ETC., Plaintiff-Appellant, v. INDUSTRIAL COMM., Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3925. Decided December 4, 1946.

Thomas Joseph, Martins Ferry, for Plaintiff-Appellant.
Hugh S. Jenkins, Attorney General, Columbus, C. G. L. Yearick, and Albertus B. Conn, Asst. Attorneys General, Columbus, for Defendant-Appellee.

## OPINION

By THE COURT:
This is an appeal on law from the judgment of the Com-

mon Pleas Court of Franklin County, Ohio, which directed a verdict for the defendant.

This case was filed as an appeal from the order of the Industrial Commission of Ohio disallowing plaintiff's application for death benefits as the result of the death of Carl Stough, deceased, the husband of the plaintiff.

At the first trial, a verdict was rendered for the plaintiff and judgment entered thereon. The defendant appealed to this Court, which reversed the judgment of the trial Court for error in the admission of certain testimony. The judgment of the Court of Appeals was affirmed by the Supreme Court and the cause remanded.

The matter was tried to a jury the second time and at the close of the case the Court directed a verdict for the defendant. This appeal is taken to reverse the judgment on that verdict.

For an extended recital of the facts and the cause for reversal of the former judgment, reference is made to the opinion of this Court in **Volume 41 Abs 400,** and also the opinion of the Supreme Court in **142 Oh St 446.**

The plaintiff-appellant assigns as error:

1. The Court erred in the exclusion of evidence offered by the plaintiff.

2. The Court erred in sustaining defendant's motion to strike testimony.

3. The Court erred in sustaining defendant's motion for directed verdict.

4. That the verdict of the jury and judgment of the Court are contrary to law.

5. Other errors apparent on the face of the record.

It must be observed that the plaintiff bases her right to receive compensation on an injury alleged to have been sustained by her husband in November, 1936, and previous to the amendment of §1465-68 GC, which now defines "injury." **Article II, Section 35** of the **Constitution** of Ohio provides that compensation may be received for injuries or death occasioned in the course of employment.

Plaintiff claims that the decedent while in the course of his employment was assigned to perform certain work which was not his usual duties and that while so engaged he was overcome by gas fumes, and that as a result he suffered an "injury" which contributed to his death and that compensation should be awarded. On the trial of the case a fellow workman of the decedent was asked the questions: "Did he say anything to you at the time he left?" The trial Court sustained the objection to this question and the following answer was proffered: "He said he had a headache; we all had headaches." The evidence shows that he left his work early that day and after

he returned to his home he vomited numerous times and was unable to return to his place of employment for a period of two weeks.

Did the trial Court commit prejudicial error in excluding this testimony? The burden is on the plaintiff to show that the decedent suffered a compensable "injury." The inhalation of gas fumes was not incidental to the decedent's regular employment. On the day in question he was assigned to other duties and was subjected to the inhalation of gas fumes. Thus, we find inhalation of the gas was accidental and unforeseen. If the decedent suffered disability therefrom which contributed to his subsequent death, compensation should be awarded. **Industrial Commission v Roth, 98 Oh St 34; Industrial Commission.v Burckard, 112 Oh St 372; Industrial Commission v Palmer, 126 Oh St 251; Industrial Commission v Bartholome, 128 Oh St 13.**

In the Palmer case the Court on page 255 say:

"If the presence of the gas is shown, one circumstance of probative value to indicate its presence in unusual quantity is the effect upon the person subjected thereto."

The statement made by the decedent as he left his employment was admissible as part of res gestae. It is a circumstance which tends to show the effect the inhalation of the gas fumes had on the decedent and that decedent suffered an injury during the course of his employment. **Boze v Industrial Commission, 32 Abs 238.** The law is stated in an annotation to the case of Lowery v Jones, 64 A, L. R., 557, as follows:

"It is a well settled general rule that, where the bodily or mental feelings of a person are to be proved, the usual and natural expressions and explanations of such person which are spontaneous manifestations of pain, and naturally flow from the pain being suffered by him at the time, are competent and original evidence, which may be testified to by any party in whose presence they are uttered. 20 Am. Jur. 493; 17 O. Jur. 340."

The evidence shows that decedent had been suffering from an organic heart lesion. There was some expert testimony to the effect that the inhalation of gas fumes would aggravate the heart condition. In the death certificate it was stated that death was caused by: "myocarditis, decompensation and enlarged heart."

We are of the opinion that the rejection of this evidence constituted prejudicial error. This evidence and other evidence of probative value, from which an inference could be drawn by the jury that the decedent suffered compensable injury, which contributed to and hastened his death, should have been submitted to the jury. From the state of the record, the trial Court committed prejudicial error in directing a verdict for the defendant.

Judgment reversed and cause remanded.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.