**INDUSTRIAL COMM v GRECHT et**

Ohio Appeals, 2nd Dist, Franklin Co

No 2399. Decided April 20, 1934

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Joseph E. Bowman, Asst. Prosecuting Attorney, Columbus, for plaintiff in error.

Cowan, Adams & Adams, Columbus, for defendants in error.

## OPINION

By HORNBECK, PJ.

When the cause came on for trial the plaintiff offered and the court admitted the statement of the applicant, Grecht, to the Commission upon the presentation of the original claim, together with the certificate of the employer, per Steele, his foreman. The certificate was the usual printed form used by the Commission and read as follows:

"The person first above named was, on the date shown herein, an employee of the undersigned; was injured as described herein and services shown on the reverse side of this blank were necessary in the treatment of said injury."

Mr. Steele was called as a witness for the plaintiff. He testified that he saw Mr. Grecht on April 6th when he called to report that he was suffering from concrete dust in his eyes; that he sent him to Dr. Myers; that Grecht in his work used a tool that was called the "surfacer, grinding the rough spots off the inside of the concrete tunnel, using electricity and compressed air for power to run the machine."

On cross examination these questions were put to the witness:

"Q. You didn't see Mr. Grecht receive any injury did you? A. No.

Q. Do you know who Mr. Grecht's fore-

man was? (This question was answered).

Q. Who was the superintendent?" (This question was answered).

Reservation was made that the defense might desire to call Mr. Steele for further testimony, but he was not recalled.

There was other testimony of slight probative value to show that Grecht suffered his injury in the course of his employment.

It is urged by counsel for defendant that the court erred in admitting the statement of Grecht in his application to the Commission and the certificate of his employer in connection therewith.

The case of **Coutellier et v Industrial Commission of Ohio, 126 Oh St, 546**, is cited and principally commented upon by counsel for both parties. The adjudication of this case clearly compels this court to hold that there is no question about the admissibility of the application and the statements therein made over the signature of Grecht if the certificate of the employer was competent. But it is insisted that, though full authority be granted to the Coutellier case, the court erred in not striking the certificate of the employer from the record and instructing the jury to disregard it when it appeared that Steele, the foreman, who signed the certificate did not see Mr. Grecht receive the injury for which he was awarded compensation.

A fair consideration of the second syllabus in conjunction with the opinion in the Coutellier case requires us to hold that the trial court was correct in its determination of the procedure, in view of the state of the record. The court left to the jury to determine whether or not the certificate signed by the employer, attesting the truth of the statements or declarations of the applicant pertaining to the cause of the injury, was based upon "self-serving declarations" contained in the application. The mere statement of the foreman, Steele, that he did not see Grecht sustain the injury does not, in our judgment, compel the conclusion that he based his statements in the certificate solely upon the statement of Grecht in his application. There was no attempt to question the foreman to determine what, if any information or knowledge he had or received over and beyond his assertion that he did not see Grecht injured. This left a question whether or not the employer's certificate supported the plaintiff's claim, one of fact for the jury.

Counsel for the Commission cite the case of **Industrial Commission v Davis, 126 Oh St, 593**. The Davis case arose in Franklin County and was considered by this court.

The question presented in this court involved the admissibility of the finding of the Commission, the record upon which it acted, including the application and the certificate of the employer, although the question was more narrow in the Supreme Court. The plaintiff in Common Pleas Court had plead the findings of the Commission, probably upon the theory of res adjudicata.

In the Coutellier case the application of the employee and the certificate of his employer were made in a claim for award of compensation for injuries to the employee and were held to be competent evidence upon appeal prosecuted from a rehearing on a claim for death award growing out of the injury upon which the employee had secured compensation. The separate action theory seems to have been abandoned in the Coutellier case, though restated in Industrial Commission of Ohio v Bartholome, (not yet reported), No. 24369, March 14, 1934.

We have difficulty reconciling the third syllabus in the Davis case with the second syllabus in the Coutellier case, but, if the latter case is controlling it is for us to follow it. The Supreme Court, no doubt, will distinguish the cases if it need be done.

The judgment of the trial court will be affirmed.

Plaintiffs ask the court to assess a penalty against the defendant for prosecuting error in this case in view of the decision of the Supreme Court in the Coutellier case. The motion will be overruled. As we have stated, we are of opinion that the Coutellier case is controlling of our judgment but in view of the uncertain trend of decision respecting Workmen's Compensation cases we cannot be critical of the defendant in prosecuting error to the court of last resort and to accomplish this it is necessary to do so by way of the Court of Appeals.

BARNES, J, concurs.