## COSEO v INDUSTRIAL COMMISSION

Ohio Appeals, 2nd Dist, Franklin Co

No 2584.   Decided Sept 24, 1935

C. L. Corkwell, Columbus, and S. S. Stewart, Columbus, for plaintiff in error.

Donald J. Hoskins, Prosecuting Attorney, Columbus, and Joseph E. Bowman, Asst. Pros. Atty., Columbus, for defendant in error.

## OPINION

By BARNES, PJ.

The pertinent portion of §1465-68, GC reads as follows:

"Every employee mentioned in §1465-61 GC, who is injured, and the dependents of such as are killed in the course of an employment, wheresoever such injury has occurred, provided the same was not purposely inflicted, * * * shall be paid such compensation," etc.

The uncontradicted evidence in the record discloses that Mr. Coseo, who was a designing engineer in the locomotive department of The Jeffrey Manufacturing Company, Columbus, Ohio, was called to Bexley, West Virginia, to correct some trouble that had developed in an engine which he had designed and the company had sold to the Cranberry Fuel Company. This company was engaged in coal mining and the engine was located in the mine under ground. To get to the engine it was necessary to go down the shaft, ride on a small car for approximately a mile and then walk an estimated distance of three-quarters of a mile. Through a part of the tunnel traveled on foot, the same was only about four feet in height, requiring the parties to walk in a stooped position. After walking about a quarter of a mile Mr. Coseo complained of pain in his chest, and made the remark to those accompanying him that it was getting him.    Thereupon the parties rested and from there on adopted the practice of resting at each quarter of a mile or less. After inspecting the engine to Mr. Coseo's satisfaction the parties started to return

over the same course and adopted the same procedure by resting. at intervals.

After walking the full distance, and before coming up the shaft to the surface, the management of the mine served a very large dinner to Mr. Coseo and all others in the party. He ate very heavily of the food. Shortly thereafter he walked a short distance where he slumped down and died immediately. The physician who examined Mr. Coseo a couple of hours after his death gave as his opinion that the cause of death was acute dilatation of the. heart.

Counsel for plaintiff in error further object that there is manifest error in the record in the court sustaining objections to certain inquiries made of Dr. Richmond, he being. the physician called to examine Mr. Coseo after his death. A hypothetical question was presented in which was correctly set forth all the historical facts attending Mr. Coseo's trip through the tunnel and back to the point where he ate heavily of the dinner, and then inquiry was made of him as to whether or not the decedent's experience while walking in the mine had any causal connection with his death. Objection was interposed, sustained and exception taken. Other amplifying questions were asked and again objection interposed, sustained and exception.

Counsel in their brief state that following the court's ruling offer of proof was made.

The record before us does not so show and this at once answers all question of prejudicial error, even if it should be determined that the court's ruling as to the admission of evidence was erroneous.

The remaining question for determination is as to whether or not the court erred in directing a verdict against the claimant. It is our conclusion that under the state of the record the trial court was warranted in directing a verdict. From the entire record, we are unable to find any evidence of injury. The following cases decided by the Supreme Court of Ohio support this conclusion:

The Industrial Commission of Ohio v Frankhen, 126 Oh St, 299;

Industrial Commission v Middleton, 126 Oh St, 212;

Industrial Commission v Lambert, 126 Oh St, 501.

In arriving at our conclusion we have in mind the theory of counsel for plaintiff that these cases should be distinguished from the instant case.

Finding no prejudicial error in the record, the judgment of the court below will be sustained at costs of plaintiff in error. Exceptions will be allowed.

Entry may be drawn in conformity with this opinion.

HORNBECK and BODEY, JJ, concur.