**BELL v BUCKEYE STEEL CASTING COMPANY et**

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3244. Decided May 24, 1940.

B. F. Hughes, Columbus, for plaintiff-appellant.

Ralph J. Bartlett, Pros. Atty., Columbus; D. B. Sharp and E. B. Paxton, Asst. Pros. Atty., Columbus, for Industrial Commission.

**OPINION**

By HORNBECK, PJ.

This is an appeal from the judgment of the Common Pleas Court upon a directed verdict in favor of the defendants.

The case grew out of an industrial claim which had been denied originally and upon rehearing by the Industrial Commission and thereafter was appealed to the Comon Pleas Court.

It appears that plaintiff's decedent, Houston Bell, was an employee of the Buckeye Steel Casting Company on the date of his injury, June 26, 1936, and had been for many years prior thereto.

It is stipulated that on the aforesaid date Bell was working with a fellow employee in the factory of the Casting Company and had completed sand blasting a corner post casting and while Mr. Bell was pulling the cast out of the sand blast a piece of scrap iron on the bottom of the casting was caught between the grate bars over which the casting was being pulled, causing Mr. Bell to be suddenly jerked; that after the casting was taken out of the sand blast Mr. Bell seemed to be weak and broke out into a sweat. Mr. Bell quit work shortly after the occurrence heretofore set out, did not again work and was confined to his home, bed and hospital until the date of his death. Mr. Bell died on September 16, 1936, of carcinoma of the liver and metastasis to the lung and kidneys.

There are seven errors assigned, but they may all be encompassed in the one claim, namely, that the Court erred

142

in holding that as a matter of law the plaintiff was not entitled to have her case passed upon by the jury.

The record raises two questions:

(1) Does it appear that appellant's decedent sustained an accidental injury arising out of and in the course of his employment on June 26, 1936?

(2) If the injury was so sustained, did it have any causal relation to his death?

We would have much difficulty in finding upon the stipulation that the plaintiff produced sufficient evidence to raise a factual question on the first proposition heretofore stated. The case of **Franken v The Industrial Commission, (11 Abs 202)**, if now the law, would be controlling of the case made by the stipulation and would require us to hold that an accidental injury was not proven. There would seem to be much doubt if the Franken case has not been inferentially overruled by later cases as is indicated by our decision in the case of **Lugar v Industrial Commission, 22 Abs 20.** Inasmuch, however, as the Supreme Court has not expressly overruled the Franken case we would not feel justified in disregarding it as authority.

If, perchance, the plaintiff was entitled to go to the jury upon the question of accidental injury, we have the further question as to her proof on the question of causal relation of the injury to her decedent's death. The record sets out certain hypothetical questions which were put by counsel for plaintiff to Dr. H. D. Giles and Dr. George E. Peters. To the question put to Dr. Giles objection was interposed and sustained, and upon like question being put to Dr. Peters objection thereto was sustained. Exceptions in both instances were noted to the rulings of the Court, but there was no proffer in either instance of the answer which it was expected the Doctor would make. We have held such proffer to be necessary to a review under the ▨▨▨▨▨▨ law before and since the new appellate code. **Coseo v Industrial Commission, 20 Abs 161;** **Lugar v Industrial Commission, 22 Abs 20.**

The 2nd, 3rd and 4th questions propounded to Dr. Peters included all of the hypotheses of the first question and added certain others thereto. To each and all of these questions objections were sustained; exceptions noted, and proffers made. To the first question the answer proffered was, "It could". To the second, "That also may be possible". To the third, "That also is possible".

The record discloses no probative evidence other than that in the proffers heretofore set forth, upon the subject of the causal relation of decedent's injuries, to his death, so that proof, if made at all, must be found in the testimony of Dr. Peters. We have many times held in such a situation that an answer indicating only a possibility of causal relation between the ▨▨▨▨▨ injury and the physical condition claimed to have resulted therefrom is insufficient to carry the question to the jury for factual determination. **Johnson v Industrial Commission, 61 Oh Ap 535; Hof v Industrial Commission, 62 Oh Ap 241.**

The judgment will be affirmed.

GEIGER and BARNES, JJ., concur.

## APPLICATION FOR REHEARING

BY THE COURT:

Submitted on application for rehearing.

It is said that the application is predicated upon the fact that the appellee did not plead as a defense that carcinoma of the liver and metastasis of the lungs and kidneys caused Mr. Bell's death.

Be that as it may, the burden at all times was upon the plaintiff to show causal relation between the injury suffered by decedent and his death. This burden was not met by the evi-

dence adduced, viz., the answers to the hypothetical question put to the medical experts.

The application will be denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.