274

**MCINTIRE, Plaintiff-Appellee, v. INDUSTRIAL COMMISSION, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1838. Decided June 14, 1945.

Froug & Froug, Dayton, for plaintiff-appellee.

Hugh S. Jenkins, Atty. Genl., Robert E. Hall, Asst. Atty. Genl., and C. G. L. Yearick, Asst. Atty. Genl., Columbus, for defendant-appellant.

**OPINION**

BY THE COURT:

This is an appeal on questions of law from a judgment entered on a verdict of a jury to the effect that plaintiff is

entitled to participate in the Workmen's Compensation Fund by reason of the death of her husband, George McIntire, caused by an accidental injury incurred in the course of his employment.

Seven errors are assigned but the principal and determinative question presented is whether or not the proof adduced by the plaintiff supported the submission of her cause to the jury and the verdict returned.

Plaintiff's claim was that he suffered an accidental injury in the course of his employment which caused or aggravated and accelerated carcinoma of the stomach which resulted in plaintiff's decedent's death.

The proof established that plaintiff's decedent died on Dec. 13, 1940, after a surgical operation and that the cause of his death was carcinoma of the stomach and metastasis into the stomach, the pyloric opening and into the abdomen. The injury which plaintiff claimed had causal relation to decedent's death occurring on Apr. 5, 1940, while decedent was working on a tower for his employer, assisting in the construction of an overhead trolley line around a curve.

In this work it was necessary at times to cut the brail wire which was 7/16" in diameter and it was the theory of the plaintiff that in cutting this wire with a bolt cutter McIntire suffered trauma and strain which accelerated the growth in his stomach. It was further the theory of the plaintiff that the primary causation of the condition was another accident which McIntire had suffered years before by being struck in the stomach with a jack.

Upon the ultimate question of the relation of the injury suffered by McIntire in April, 1940, and his death, plaintiff offered the testimony of Dr. C. J. Derby who described the condition of the growth found in the stomach of McIntire when operated and the extent to which the cancerous condition had spread. He was interrogated as to the time during which, in his judgment, the cancerous condition had existed in the body of McIntire, the causes of cancer, the probable cause of the cancer from which McIntire suffered. He said that a tumor is any kind of a lump in the body which may be benign or malignant, that one with a benign tumor may continue to have a normal life notwithstanding and that a benign tumor may be caused to develop into a malignant tumor or cancer through a process of trauma. Upon a hypothetical question propounded to the doctor which ended with the query, If there was any causal connection between the injury received by the deceased on April 5, 1940, and the condition which caused his death? He answered

"Why, what we said in the past, it is reasonable to assume, if there was an injury there, this could have been activated by that."

and then this question was put at page 97 of the record:

"Now, doctor, will you tell us, considering the facts as heretofore given you, and the fact that you testified that the condition which you found existing in the body of the deceased had existed for a long period prior to April 5th, 1940, state whether or not the injury which the decedent sustained on April 5th, 1940, accelerated and aggravated the existing diseased condition and whether or not such acceleration or aggravation had any causal connection with the death of the decedent?"

to which answer was made

"It is possible there may have been some connection, yes sir."

This is the extent to which expert testimony was produced to establish the causal relation of the injury to McIntire's death.

The issue presented was in the field of scientific inquiry where expert medical testimony was required to furnish the answer. In this situation **Drakulich v Industrial Commission, 137 Oh St 82,** holds that the proof must be established by a probability, not a mere possibility of such causal connection. See the late case of **Aiken v Industrial Commission, 143 Oh St 113.** This court has held to like effect in **Bell v Buckeye Steel Casting Co., 32 Abs 141, Johnson v Industrial Commission, 28 Abs 241,** and **Hof v Industrial Commission, 62 Oh Ap 241.** The second syllabus in the Bell case, supra, is—

"Testimony indicating only a possibility of causal relation between the injury and the physical condition claimed to have resulted therefrom is insufficient to carry the question to the jury for factual determination."

In this last case, it was the claim that plaintiff's decedent had died of carcinoma of the liver and metastasis to the lung and kidneys as the result of injury suffered in the course of employment.

Proof of causal relation between the claimed injury and the cancerous condition from which McIntire died is not supported by proof from any source other than the expert, Dr. Derby. There is nothing to supplement this medical testimony which would have permitted the jury to do more than speculate. The hypothetical question propounded to Dr. Derby, together with his personal knowledge, as testified, included all the favorable testimony and intendment on behalf of plaintiff. From these facts and from the doctor's personal knowledge to which he testified, he could only come to the conclusion that there was but a possibility that there was causal relation between McIntire's injury and the cancerous condition which caused his death. The jury had no basis for any more favorable construction of the evidence than that accorded to it by the expert. This is of insufficient probative effect to support the verdict and judgment.

Appellant assigns as error the admission in evidence of plaintiff's exhibits 1 and 2. Exhibit No. 1 is the application of plaintiff's decedent filed with the Commission succeeding the time of his injury of April 5, 1940, and upon which the Commission allowed payment of his medical expenses incident to the injury. At the bottom of this exhibit there is the report of decedent's employer which is signed by J. F. Fisher, Treasurer of the People's Railway Co. This report, among other things, attests that Fisher has read the applicant's answers and the report of the attending physician and believes the same to be correct. Plaintiff's exhibit 2 is another report of the accident and how it occurred signed by plaintiff's decedent. We are of opinion that both of these exhibits were properly admitted, **Coutellier v Industrial Commission, 126 Oh St 546,** but that the court should have instructed the jury that unless it found that Fisher who signed for the employer had personal knowledge of the fact setting out in detail how the accident to plaintiff's decedent occurred, his certificate would be of no probative effect to establish that substantive fact, **Stough v Industrial Commission, 142 Oh St 446.** Inasmuch as there was no specific request for such charge, we do not find that the failure of the court to so charge was prejudicial error.

The other errors assigned present interesting and close questions but we find none of them established. The judgment will be reversed and judgment entered for defendant.

HORNBECK, P. J., GEIGER and MILLER, JJ., concur.