**DEAN, et, Plaintiff-Appellant, v. INDUSTRIAL COMMISSION, Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4166. Decided September 27, 1948.

David A. Peiros, David E. Evans, Columbus, for plaintiff-appellant.

Hugh S. Jenkins, Atty. Genl., R. Brooke Alloway, Asst. Atty. Genl., Joe F. Asher, Asst. Atty. Genl., Columbus, for defendant-appellee.

**OPINION**

By HORNBECK, J.

The facts essential to an appreciation of the questions presented are that Oliver Dean on February 15, 1943, was an employee of Curtiss-Wright Corporation, a contributing member to the Workmen's Compensation Fund. Employee claimed that he suffered an injury on that date and it was made the subject of a claim to the defendant Commission in the form of the regular report required by said Commission. The original application signed by the employee, representative of the employer and the attending physician requested payment for certain medical attention given the employee. This claim was allowed. Thereafter, on February 24, 1943, the employee was adjudged insane and committed to the State Hospital. Succeeding this commitment, application was made by the plaintiff guardian for additional compensation, the exact nature of which is not before us because this application is not in the files. However, it is stipulated that such application was made and it evidently proceeded upon the theory that the employee's subsequent mental condition was the result of the original injury which he suffered in the course of his employment. Upon this latter application the Commission made this finding and order:

"After round table conference and careful consideration of all the proof of record, the Commission orders that the application for additional compensation filed by the claimant's guardian on June 23, 1943, be denied, for the reason proof fails to establish that the claimant's disability by reason of a mental condition is related to the minor injury of February 15, 1943, for which injury the Commission has already paid medical bill for first aid treatment."

Thereafter formal denial of the claim was made, rehearing had, testimony offered and the claim was again disallowed for the reason that "proof fails to show that claimant's disability is the result of an injury sustained in the course of and arising out of employment".

Upon the rehearing before the Commission, counsel for the claimant offered to introduce part one of claimant's Exhibit A, the original application for allowance for medical services signed by the Assistant Personnel Manager of the employer. In this certificate, it was stated that the accident occurred in the factory of the employer at a "Bench Assembly", while the employee was working in "Arbor Press"; that he was bending over and as he raised up, he hit his head upon the arbor press. The detail of the injury was that it was a "laceration, frontal region of the scalp". The report of the employer concluded with this certificate:

"By signing below, I do hereby certify that I have authority to execute this employer's report and that the answers to the questions given in said report are correct to the best of my information and belief. I have examined the report and fee bill submitted by the attending physician and believe same to be correct."

The report was also signed by the employee and by his attending physician. The Personnel Manager of the employer was not called as a witness and his statement on the original report is unmodified. The Referee refused to admit the employer's report and upon trial the Judge, a jury being waived, likewise refused to admit the evidence and this is assigned as one ground of error.

Upon the rehearing, applicant proffered the testimony of Dr. Tarbell, as follows:

"Q. Doctor, would a blow on the head precipitate paresis or aggravate paresis?

A. I think the trauma or shock can precipitate paresis.

Q. Doctor, I will ask if the blow on the head received by Oliver P. Dean, which resulted in the laceration of the frontal region of the scalp, would have caused the paresis?

A. In my judgment it would be a causative factor."

The trial Judge likewise refused to admit this testimony and this is assigned as error.

The Commission claims that that part of the application signed by the employer, if otherwise competent, may not be admitted because it was not formally proffered. This claim, in our judgment, is not well made because the parties at the inception of the trial stipulated that the trial Judge could make marginal rulings and that the transcript will be sub-

mitted to the Court and that "the Court will make its rulings on the objections and motions on the margins of the record" and further stipulated that "the rehearing record with the Court's marginal notations as to hearings shall constitute the record in this case."

The offer of the certificate of the employer on rehearing was regular and the marginal notation of the trial Judge pursuant to the stipulation discloses that his rulings were the same as those of the Commission.

Although eight errors are assigned, the determinative questions are, was the certificate of employer on the application for award for compensation admissible, and, if so, did it tend to establish that the employee suffered an injury growing out of and in the course of his employment and, if so, did the further proof proffered make an issue of fact whether or not the subsequent mental condition from which the employee suffered was the result of the original injury?

This Court in three cases has held that a certificate of the employer is admissible under the authority of **Coutellier v. Industrial Commission, 126 Oh St 546.** These cases are:

**Industrial Commission v. Simpson, 17 Abs 581, 2; Industrial Commission v. Grecht, 17 Abs 645;** McIntire v. Industrial Commission, 63 N. E. (2d) 167.

In this last case the certificate was substantially the same as in the instant cause.

The Commission asserts that the Coutellier case is not controlling authority because the Court there had under consideration a death claim and here the claim is for injury. We do not consider that the distinction is valid. If the Coutellier judgment is predicated upon the theory that the injured employee being dead his lips are sealed, and there is nothing in the opinion to indicate that it is so based, the same effect would attend here. Plaintiff's ward not only has been adjudged insane but according to the testimony of Dr. Tarbell, is in the third and final stage of the type of insanity from which he suffers and manifestly would not be competent as a witness.

There is some difference between the certificate in the Coutellier case and the certificate here, but here there is no testimony upon which it may be determined that the employer's statements were predicated upon information which he received from the injured employee. In other words, the statement of the employer is not hearsay but of a higher degree of evidence.

The certificate of the employer should have been admitted.

**566**

We are of opinion that the testimony of Dr. Tarbell also should have been admitted and that his answer, to the effect that the blow on the head received by the employee resulting in laceration of the frontal region of the scalp, was a causative factor in the paresis from which he suffered, made an issue of fact whether or not it was the result of the original injury.

Drakulich v. Ind. Com., 137 Oh St 82, 27 N. E. (2d) 932; Aiken v. Ind. Com., 143 Oh St 113, 53 N. E. (2d) 1018; Bell v. Buckeye Steel Casting Company, 32 Abs 141; Johnson v. Ind. Com., 28 Abs 241.

Judgment reversed and cause remanded.

WISEMAN, PJ, and MILLER, J, concur.