## FISHMAN v BRICKER

Ohio Appeals, 2nd Dist, Franklin Co

No 2483. Decided March 22, 1935

Max Rafalo, Cincinnati, for plaintiff in error.

H. S. Kerr, Columbus, Special Master Commissioner.

## OPINION

### By THE COURT

We have examined the rather meager bill of exceptions which has been filed with us, together with the briefs of counsel and the original pleadings insofar as they relate to the claim of plaintiff in error. The record discloses that the claim of the plaintiff in error consists of a judgment which was rendered by the Court of Common Pleas of Hamilton County in a proceeding in which the liability of the said insurance company to plaintiff in error was litigated

and judgment was rendered in favor of plaintiff in error in the sum of $2000.00. This is the judgment claim that plaintiff in error presented to the master commissioner for allowance as a judgment creditor, and which was rejected by the master commissioner.

In brief, the master commissioner suggests that there was fraud or collusion in securing the judgment in question. It appears from the record that the plaintiff in error is the sister of the owner and driver of the automobile insured in the Commonwealth Casualty Company and that she received some injury while a guest in such car so owned and driven by her brother. The attorney for plaintiff in error is also a brother of the plaintiff in error, and a brother of the owner and operator of the automobile in question at the time of such injury. The master commissioner claims, in brief, that the assured failed to render the assistance and cooperation in defending the law suit in the Court of Common Pleas of Hamilton County which was required by the provisions of the policy. In short, the claim is that there was fraud and collusion as between the plaintiff in error, and her brother, the owner and driver of the automobile at the time in question.

The suggestion of the master commissioner may be correct. However that may be, the judgment in question is entitled to full faith and credit until reversed or modified.

. It is apparent that the insurance company could not indirectly or collaterally attack this judgment, but would be required to seek a reversal or modification thereof upon the grounds of fraud or collusion.

. The receivers or master commissioner occupy no higher or different position than would the Casualty Company.

We think it unnecessary to cite authorities in support of the manner in which a judgment of a competent court of record may be attacked.

Until such judgment is so reversed or modified, we can not escape the conclusion but that it became the duty of the master commissioner to recognize the judgment claim of the plaintiff in error and allow the same as a general creditor.

Entertaining these views the judgment of the lower court must be reversed and cause remanded for such further proceedings as may be provided by law.

KUNKLE, PJ, BARNES and HORNBECK, JJ, concur.