## FULKERSON v ROXANNA CANNING COMPANY

Ohio Appeals, 2nd Dist., Greene Co.

No. 437.     Decided Feb. 17, 1938

George H. Smith, Xenia, Homer H. Henrie, Xenia, for plaintiff appellees.

C. Donald Dilatush, Lebanon, for defendant appellant.

### OPINION
By BARNES, PJ.

The above-entitled cause is now being determined on error proceedings from the judgment of the Court of Common Pleas of Greene County, Ohio.

The plaintiff's action was founded on claimed oral contract for the sale of a field of corn, the same to be delivered to the defendant company and for a consideration of $5000.00. $3400.00 was admitted to have been paid. The suit was for the sum of $1600.00, with interest. Through the pleadings only two issues were involved:

"A. Did the defendant company purchase the field of corn as a field regardless of acreage; or did it purchase it on an acreage basis?

"B. Was all of the corn contracted for by the defendant company from the plaintiff delivered at its factory at Roxanna, Ohio?"

608

It was the claim and contention of the plaintiff that he sold the corn as a field without any designation as to acreage, except as he estimated it as 100 acres.

The claim and contention of the defendant was that the corn was purchased at a price of $50.00 per acre, and that the field contained only ninety acres.

The second issue revolves around evidence presented touching the question as to whether or not the corn was pulled in a husbandlike manner. Defendant presented evidence tending to show that many ears of corn were left in the field. Some of these witnesses estimated the amount at as much as 700 bushels.

The trial court found with the defendant that the purchase was made on an acreage basis and further found the acreage to be 98.1 acres. The finding was against the defendant on its claim that all corn in the field was not delivered to it as per contract.

No assignment of errors accompanied the briefs, as required under §12223-21 GC. This omission is a ground for dismissal. We have not followed the practice of dismissing for failure to file assignment of errors where it is ascertainable from the brief just what are the errors relied upon.

Complaint is made that the trial court overruled two motions presented by defendant directed to plaintiff's petition. One ground of motion requested plaintiff to plead as to whether or not the acreage of plaintiff's field entered into and was made a part of the terms and provisions of the alleged contract. The trial court properly overruled this motion for the reason that it was apparent from plaintiff's petition that he was relying upon a claimed oral contract for the sale of the entire field and not on an acreage basis. Furthermore, no prejudice resulted since the trial court found with defendant on this issue.

The next paragraph of motion, designated No. 4, requested that the petition set forth whether or not all the corn alleged to have been purchased was delivered to the defendant's factory.

Regardless of the question whether the court was in error in overruling this motion, the claimed error was cured by the plaintiff complying with the motion through interlineation of the pleading.

Complaint is also made that the court erred in rejecting evidence offered by the defendant. An examination of the bill of exceptions will disclose that there was very little controversy during the presentation of the evidence. In the few instances where the court sustained objections to evidence presented by the defendant the latter failed to preserve its record by making any proffer of proof. Under this situation there can be no prejudicial error.

Complaint is also made to the court's permitting testimony to be introduced over the objection of defendant. Particular attention is called to the testimony of one Fred Null on page 51 of the bill of exceptions, where the following question was asked of this witness:

"Q. On the first load and the last load would you say this field was properly pulled or not?"

While the record discloses that the objection was overruled, yet the question was not answered. Again we must say that even if the court was in error in overruling the objection, such error could not be prejudicial. The only question that gives us concern is the claim that the finding and judgment were against the manifest weight of the evidence.

While the action was one of law and triable to a jury, yet the parties by agreement waived a jury and submitted the cause to the court. The finding and judgment for plaintiff was in the sum of $1505.00 and interest.

From the cold type we can readily see that the trier of the facts could have had ample grounds for determining otherwise. There being substantial conflict in the testimony on the issue, we are not permitted to disturb the finding of the trial court unless we feel that it is so manifestly wrong as to shock the conscience. The trial court had the benefit not only of hearing the witnesses, but of seeing them and of course was in better condition to determine the credit to be given than can a reviewing court. We shall not disturb the verdict on the weight of the evidence.

Finding no prejudicial error, the judgment of the trial court will be affirmed and cause remanded for further proceedings according to law.

Costs of this proceeding will be taxed against the defendant.

HORNBECK and GEIGER, JJ, concur