### STATE ex SPERY v JASTER

Ohio Appeals, 2nd Dist, Franklin Co

No 2647. Decided May 6, 1938

J. L. Mason, Columbus, for relator.

H. E. Rutledge, Columbus, and F. B. McCleland, Columbus, for respondent.

### OPINION

By THE COURT

This is an original action brought in this court. The petition alleges that the relator, on February 27, 1929, was permanently appointed as a mechanic, in Division No. 3 of the Highway Department, he having been duly qualified under the provisions of §486-13 GC; that on the 3rd day of May, 1935, he was informed orally that he was discharged from his position; that by virtue of §486-17a GC he was er'itled to written notice, and that by reason of the improper suspension he has suffered loss, and has been deprived of his wages. He prays an alternative writ of mandamus to compel the defendant to set aside his discharge and to return him to the position of mechanic, or show cause why he should not; that he be paid all wages lost by said employment suspension.

An amended answer is filed by respondent, admitting that relator was appointed to the position of mechanic as alleged, on or about June 19, 1927; that the position was in classified civil service; other allegations are denied.

As a second defense, it is averred that the relator was not discharged or removed from his position as alleged, but was temporarily laid off from his position, and consequently was not entitled to written notice of discharge.

The issue is thus made as to whether or not relator was illegally discharged by the respondent, and is entitled to reinstatement with pay.

Depositions were taken but are as to most witnesses not of great help.

Don Soles testifies that he was chief mechanic in the division spoken of, and that Spery worked there in the motor room overhauling motors, and was rated as a mechanic; that there were others working there whose ratings were not known to him; that at the time in question he said to Spery that he was afraid he would have to lay him off due to lack of funds, and that he would be properly notified; that at the time there was a scarcity of funds, and he had orders to cut the pay roll down to a certain amount, and that on consultation with Mr. Ault he laid off Mr. Spery for the reason they could best do without him, inasmuch as he worked in the motor room; at the same time there was one other man laid off; that when Mr. Spery was employed he was working in the motor room; at the same time there now employed as mechanics in that room, inasmuch as such work was dispensed with due to the fact that they had adopted a new and more economical plan which eliminated re-building, the motors needing repair being exchanged.

The personnel record indicated that Mr. Spery was employed as a mechanic, at from 56½c to 65c per hour, and that he was temporarily laid off May 4, 1935.

The respondent claims that inasmuch as the lay-off was temporarily necessitated by lack of funds, that the relator was not entitled to notice and did not receive any; that the work which he was doing at the time he was in the employ as a mechanic has been largely suspended by virtue of the new arrangement above referred to; that Mr. Spery did not within proper time make application for re-employment.

Mr. Spery testifies in substance that he began work on November 29, 1929, and continued until May 4, 1935, as a mechanic, for which he had taken the Civil Service examination, and became a Civil Service employee in the department; he was in the motor room, and did the work in the field. He recites the work required of him, and it appears to be that appropriate to his designation as a mechanic. He states that at the time his employment ceased there were still others there employed as mechanics, and that like mechanical work has been done since his employment ceased, except that motors are not re-conditioned.

As to his discharge, the substance of his testimony is that Mr. Soles, the chief mechanic, and the one immediately superior to him stated: "I guess you are laid off—your lay-off card will come from Columbus, the Civil Service".

He states that he went back and asked if there was any chance of getting back, and Mr. Pennybaker stated that he had to lay off the men.

Relator says that he received no notice from Columbus or anywhere else. In answer to the inquiry as to whether or not work on motors was no longer done in the garage he said: "But I wasn't listed as a motor man", although when he was there he worked on motors. He stated that he never had any charges filed against him, and was told by Mr. Soles that if work became available he would have a chance to get back; that Mr. Soles never discharged him, neither did anybody else, and no fault was found with his work; that Mr. Soles did not tell him why he was laid off.

Mr. Forsythe, a secretary and chief examiner of the Civil Service Commission, produced and interpreted the personal card of Mr. Spery, stating that it showed among other things, that he was a Civil Service employee having taken the examination for mechanic, and was certified as such, and on July 19, 1929, was permanently appointed by the then Highway Director to a position of mechanic, Division No. 3 Garage; that on May 4, 1935, he was given a temporary lay-off as required by the Highway Director, and that on May 4, 1936, one year after the temporary lay-off, the position was abolished, and so entered on the records of the Civil Service Commission.

Mr. Forsythe interpreted "Exhibit C". and gave the meaning of "Restored to Mechanics, Division No. 3, eff. 5-4-36, Rule 10, §13", as meaning that under §486-16 GC, whenever any position is abolished and made unnecessary the incumbent shall be placed on an eligible list and certified therefrom for a period of one year from the date of the abolishing of the position, and stated that Spery was restored to the eligible list for mechanics, Division No. 3, effective 5-4-36; that between April 4, 1935, and May 4. 1937, there was no call to the Commission to certify persons for the position of mechanic, and stated that Spery's name was at the head of the eligible list, and in addition. he also enjoyed the priority claim of the position; that the only notation on the card is that he was temporarily laid off 5-4-35.

"Exhibit A" is a communication from Ault, Division Engineer of Division 3, to Jaster, Director of the Department, giving a list of the men not working for the vari-

ous reasons stated. In the list appears the name, "Charles H. Spery, mech. at 65c per hour—eff. April 29th, 1935." This list was dated May 28, 1935.

A letter from Ault to Jaster dated April 30, 1935, attached but not marked as exhibit states that:

"Due to decreased budget in this division it has become necessary that we reduce our forces and this reduction will necessarily include certain mechanics. For the above reason we are asking that Charles H. Spery, mechanic, Division Garage, be notified of an indefinite suspension from his duties as mechanic due to a lack of funds. Please make this suspension effective May 4th."

"Exhibit B", under date of May 8, 1935, is a letter from Jaster, Director, to the Civil Service Commission, stating:

"Due to a decreased budget and as a matter of economy, we find it necessary to lay off temporarily the following employees in Division No. 3.

Chas. H. Spery cert. 11450 mechanic, Division Garage effective May 4, 1935. * * *."

It does appear from the evidence that Mr. Spery was dropped from his position due to lack of funds; that under the provisions of §486-16, GC, he was placed at the head of an eligible list for a period of one year; that the position was abolished on May 4, 1936, and that there has been no call for a mechanic to perform the work formerly done by Mr. Spery; that he was suspended indefinitely May 5, 1935, without any complaint being made which would entitle him to such a notice or hearing as are provided for in §§486-17 and 486-17a GC:

"Where an employee in the classified service of a municipality is temporarily laid off by the Safety Director in the interest of economy and for the sole reason of the lack of sufficient funds with which to pay salaries of the entire working force in such department, the statutory provisions for written notice to such laid-off or suspended employee and for opportunity to make and file an explanation have no application."

"No appeal lies from the action of the appointing authority, except in the cases of removal on the grounds set forth in §486-17a, GC."

"In all cases of temporary lay-off or suspension of a municipal employee in the classified service, such suspended or laid-off employee retains title to the office or position, and is entitled to be reinstated therein, upon the same again being refilled, in preference to all persons."

"* * * Civil Service Laws * * * may not be invoked by an appointee, where no discrimination is claimed and no charges have been made involving misconduct, inefficiency, or other delinquency."

**Curtis, Safety Director et v State ex Morgan, 108 Oh St 292.**

See other cases from other states commented upon in above opinion on p 305, et seq.

We think the relator stands in the position of one who having accepted a Civil Service position, does so under the provision of the statute which gives the appointing power the right to suspend under such circumstances as appear to such appointive power, to justify the suspension due to lack of funds, or the abolishment of the office entirely.

If the suspension and lay-off is not made on account of any asserted dereliction of the employee, enumerated in §§486-17 and 486-17a, GC, the employee has no right to a copy of the order of removal, nor of appeal to the Civil Service Commission. The reason for this is so well stated in Curtis v Morgan, supra, that we need not discuss it in detail.

Suffice it to say that one employed under the Civil Service is not thereby assured of perpetuity in office, but the purpose of the Civil Service is to protect him against discriminations, either in appointment or removal.

It is asserted by the respondent that Mr. Spery has not proceeded with due diligence to assert a claim which he now brings before this court.

The respondent in his original answer set up laches as a bar to the relator's action, but seems to have abandoned it in the amended answer, although asserting it in his brief.

The relator claims to have been removed on May 4, 1935, and he filed his petition in this court on January 20, 1936.

In **State ex v Witter, 114 Oh St 357,** it is held:

"A court, in the exercise of its discretion, may refuse to issue a writ of mandamus, in favor of a relator who has allowed an

unreasonable time to elapse before bringing his action, especially where such delay may be prejudicial to the rights of the respondent."

In the above case the dismissal occurred on March 3, 1923, and the petition was filed on June 30, 1925, more than two years after the dismissal.

In State ex v Jaster, Director of Highways, the dismissal was made on November 10, 1933, and the final order of the commission was made on October 17, 1934, and the petition was filed on February 28, 1935.

The court states:

"Respondents include in their joint answer the defense of laches, in that the relator did not make seasonable and proper effort to be restored to his position by recourse to the courts, and they also moved for judgment on the pleadings."

"On consideration whereof it is ordered and adjudged that the writ of mandamus be, and the same hereby is, denied upon the authority of **State v Witter, Dir. of Dept. of Indus. Relations, 114 Oh St 357.**"

If the respondent had plead laches we incline to the opinion that we would have sustained his position, but inasmuch as there is no issue made upon this point we do not pass upon it.

For the other reasons given it is ordered and adjudged that the writ of mandamus be and the same hereby is denied, on the facts and on the authority of **108 Oh St St, Curtis v Morgan, 292.**

BARNES, PJ, HORNBECK and GEIGER, JJ, concur.