**STATE ex BENEDUM v TAYLOR**

Ohio Appeals, 2nd Dist, Franklin Co

No 3207. Decided Jan 27, 1941

616

Frank B. McClelland, Columbus, for relator.

Thomas J. Herbert, Attorney General, Columbus, and H. K. Ames, Asst. Atty. General, Columbus, for respondent.

**OPINION**

BY THE COURT:

The relator alleges that the respondent was the Director of the Department of Liquor Control in January, 1939. On April 1, 1936, he was appointed by the then Director of the Department to a position as Claim Agent, which appointment was made from an eligible list certified to the then Director; that he has heretofore served out probationary period and has since been continuously employed as Agent in the Department until May 20, 1939, at which time the said respondent allegedly abolished the position as Claim Agent in the Department, held by relator, and that such position is in the classified Civil Service.

He states the salary that he had received, and that he received a notice from the Ohio Department of Liquor Control to the effect that his position is being abolished at the close of business May 29, 1939; that he would be relieved of his duties at the close of the business of May 13, 1939; it is further alleged that on May 20th the duties formerly performed by him were assigned to and ever since have been performed by various district super-visors, which district supervisors hold their positions as temporary employees by provisional employment; that his tenure of office was during good behavior and efficient service; that the respondent's order of abolishment of the position was made at least in part for political reasons; that the persons now performing said duties of Claim Agents are partisans and political employees.

Relator says that he demanded that he be restored to his position, which demand was refused; that he has no adequate remedy at law.

He prays for an allowance of an alternative writ of mandamus directing the Director of the Department to set aside the alleged order of abolishment of the position, and that terminating the services of the relator, and forthwith restore relator to the position, and that he be reinstated upon the pay roll of the Department of Liquor Control as Claim Agent.

To this petition an answer was filed admitting certain allegations, and alleged that the position held by relator was abolished in good faith and for the sole purpose of economy and not for political or partisan reasons; and that an economy to the extent of relator's salary has been effected; that no person has been appointed to fill the position formerly held by the relator, but that the duties of the position are now performed by district supervisors in conjunction with and in addition to those duties performed by such supervisors prior to the abolition of relator's position.

A demurrer was filed by the relator to this answer, in that on its face it is insufficient in law.

The matter was heard by the Court of Common Pleas, and it was there determined that the answer of the respondent that the position has been abolished in good faith is sufficient in law, and it was then ordered that the demurrer be overruled, and it appears that the relator does not desire to plead further, it is ordered that the petition be dismissed and the writ of mandamus be denied.

To this order notice of appeal was given to this Court, and rather elaborate briefs filed by the relator.

We are of the opinion that the law is stated in the case of State ex Stein v McCaw, Chief of Division of the Aid for the Aged, 137 Oh St 13, Bar Ass'n. Report, May 27, 1940. On the authority of this decision the demurrer was properly overruled. The judgment of the Court is affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.