**ROBERTS, ESTATE OF, In Re**

Ohio Appeals, 2nd Dist, Franklin Co

No 3339. Decided March 25, 1941

John H. Matthews, Columbus, for appellant.

J. Maxwell Maher, Columbus, for heirs.

L. G. Boger, Columbus, special counsel for estate.

of the Code of Civil Procedure, remedies were awarded in accordance with the principles of equity and not in accordance with the rules of law."

## OPINION

### BY THE COURT:

The above-entitled cause is now being determined on motion to dismiss appellant's appeal.

K. C. Ice was the duly appointed, qualified and now is the acting administrator of the estate of Joseph L. Roberts, deceased.

Said K. C. Ice has a claim against the estate, and pursuant to the provisions of §10509-106 GC, filed in the Probate Court of Franklin County, Ohio, his petition for allowance of claim against the estate. The matter was heard by the Probate Court of Franklin County, Ohio, which disallowed said claim.

Thereafter an appeal on questions of law and fact was filed in this court. The heirs, as parties defendant and appellees, now file motion for an order dismissing the apeal upon the ground that appellant's cause of action is not one in chancery and therefore not appealable on law and fact. Accompanying the motion is a memorandum including citation of authorities. Briefs were also filed in support of the motion by special counsel appointed by the Probate Court to represent the estate.

Counsel for appellants filed briefs contra the motion to dismiss the appeal.

The arguments and cited authorities all refer to the question as to whether or not the case is one in chancery and thereby appealable to this court.

The courts in this state have definitely given us the definition of what is a chancery case as follows:

"One in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption

It is likewise well recognized that in England the estate of deceased persons were administered in chancery.

No authority has been cited, nor are we able to find any through independent investigation, holding that the application of an administrator for an allowance of claim was known to the courts of England.

We are inclined to think that it is purely a statutory remedy, first arising in this country and permitted through the desire to keep fiduciaries honest. Whether or not the general chancery powers in administering estates in England would draw this phase of the case within its jurisdiction, is still a query.

The strongest case cited by counsel for appellant is that of **Wagner v Armstrong, 93 Oh St 443.** This was a partition case, originating in a Court of Common Pleas. Partition was originally recognized as a chancery proceeding. The Legislature of Ohio has made provision for statutory partition. The Supreme Court held, notwithstanding the statutory enactment, partition was still recognizable as a chancery action and was appealable.

The Supreme Court, in the case of **In re Gurnea, 111 Oh St 715,** reviewed the Wagner case, supra, and makes the following pronouncement in the first syllabus:

"1. The settlement in the probate court of the account of an executor does not constitute a chancery case."

The opinion was by Allen, J., and contains a very full and complete analysis of the effect of placing estate matters under the jurisdiction of probate courts, with full and complete remedies provided.

On page 724 we find the following:

"This provision in the organic law of the state gave to the probate court separate existence and separate jurisdiction. The question involved herein, therefore, is quite different on the facts from those involved in the case of Wagner v Armstrong, supra, which held that a partition action was a chancery case because prior to and at the adoption of the Code of Civil Procedure a partition action was cognizable in the courts of chancery. No separate court had been created by the Constitution with jurisdiction over partition suits, and this fact distinguishes the Wagner holding from the instant case. In other words, even though an action was originally cognizable in a court of chancery this court could not lightly hold that the sovereign people could not place such an action within the exclusive jurisdiction of another court, whose system was created and established by the constitution."

The above-quoted portion of the opinion in connection with syllabus 1, also quoted, we think is determinative of the instant case.

In this connection we also refer to a recent Franklin County case, decided by our court, **In re Jacobs, 26 Abs 607.**

Numerous other cases are cited, all of which we have examined but do not deem it necessary to make special reference thereto.

It is our conclusion that the action in the Probate Court was not one in chancery and therefore is not appealable on questions of law and fact. However, we will not dismiss but will follow the procedure heretofore announced in numerous other cases and will hold the case in our court as an appeal on questions of law.

This rule has been formulated by reason of the provisions of §12223-22 **GC, ¶2.** We also follow the provisions of §11564 **GC,** and allow thirty days within which appellant may prepare and have allowed a bill of exceptions. Of course, the thirty day period will start from the journalizing of the entry in conformity to this decision.

After the bill of exceptions has been prepared and filed in the Probate Court and thereafter allowed by the judge, it should immediately be filed in our court, as in other cases.

Entry may be prepared in conformity to this opinion.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.