**DEPARTMENT OF LIQUOR CONTROL, Plaintiff-Appellee, v. ALESSANDRO, d. b. a. LUCKY STAR CAFE, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4317. Decided January 10, 1950.

Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for plaintiff-appellee.

Sidney Cohen, Fred W. Garmone, Cleveland, for defendant-appellant.

## OPINION

By THE COURT.

Submitted on motion by the plaintiff-appellee seeking an order dismissing the appeal for want of prosecution. The appeal is on questions of law from the judgment rendered on June 15, 1949. The notice of appeal was filed on the same day. Nothing further has been filed in accordance with Rule VII of this court and the time for such filing has long expired.

The appellant has also filed a motion in which he seeks leave to file a bill of exceptions and assignments of error out of rule. This motion is supported by an affidavit by the appellant which attempts to establish "good cause" for noncompliance. This court adheres closely to the rule and strictly enforces it. The question therefore presented is whether the affidavit is sufficient to support the appellant's motion. The substance of it is that after the notice of appeal was filed new counsel were employed who failed to comply with the rule; that on December 9, 1949, he learned that the newly employed counsel did not desire to become attorneys of record in the case and that there was no neglect on his part. This, in our opinion, does not establish "good cause" for noncompliance with the rule. The obligation is one primarily resting upon counsel and there is no showing why they failed to prosecute the appeal. They may have been justified in their actions, or there may be some good reason for their failure. On this fact the affidavit is silent. It might be that both sets of counsel were unable to find reasonable grounds for the appeal which would account for the failure to prosecute. If this were true, counsel owed the appellant no duty to file sham assignments of error and briefs.

It should be further noted that §11564 GC fixes the time for the filing of the bill of exceptions. This provision is mandatory and when not complied with a motion will lie to strike the bill of exceptions from the files. **Eubank v.**

Industrial Commission, 59 Oh Ap 189; Teegarden, etc. v. Teegarden, et al. 80 Oh Ap 79.

The motion to dismiss for want of prosecution will be sustained and the appellant's motion, overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.