## HARLEM BILLIARD AND MEETING CLUB, Plaintiff-Appellant, v. BOARD OF LIQUOR CONTROL, Defendants-Appellees.

Ohio Appeals, Second District, Franklin County.

No. 4448. Decided July 6, 1950.

Richard A. Morris, Cincinnati, Walter L. Tarr, Cincinnati, for plaintiff-appellant.

Hon. Herbert S. Duffy, Atty. Genl., Charles T. Kaps, Asst. Atty. Genl., Columbus, for defendants-appellees.

## OPINION

By THE COURT.

Submitted upon motion by the appellee seeking an order dismissing the appeal on questions of law for the following reasons:

(1) Appellant has failed to file a bill of exceptions within the time allowed by statute.

(2) Appellant has failed to properly prosecute the appeal in that it failed to file assignment of errors and brief in accordance with Rule VII of this court.

The record discloses that notice of appeal was filed on April 14, 1950; that up to the time of filing of this motion, to wit, on June 14, 1950, neither bill of exceptions, assignment of errors nor brief had been filed. A period of approximately sixty-six days has elapsed since the filing of the notice of

appeal. The time for the filing of a bill of exceptions under §11564 GC has expired and it is now too late for its filing, as the time fixed for the filing of a bill of exceptions by the General Code is mandatory. **Department of Liquor Control v. Alessandro, 56 Abs 554.** However, the filing of a bill of exceptions is not essential to the perfecting of an appeal. Any error disclosed by the pleadings or transcript of docket and journal entries may be considered by the reviewing court. **Hoffman Candy Co. v. Department of Liquor Control, 56 Abs 257.** The failure to comply with Rule VII of this court is sufficient ground for the sustaining of the motion. **Doe v. Roe, 54 Oh Ap 145; Parrott v. Parrott, 42 Abs 413; Rosenthal v. Smith, 35 Abs 629.**

The motion will be sustained.

MILLER, PJ, and WISEMAN, J, concur.
HORNBECK, J, not participating.