**HARPER, Plaintiff-Appellant, v. FRANKLIN COUNTY CHILD WELFARE BOARD et, Defendants-Appellees.**
**HARPER, Plaintiff and Relator, v. FRANKLIN COUNTY CHILD WELFARE BOARD et, Defendants.**

Ohio Appeals, Second District, Franklin County.

Nos. 4802, 4825. Decided October 2, 1952.

Isadore L. Margulis, John H. Cooper, Columbus, for plaintiff-appellant.

Ralph J. Bartlett, Pros. Atty., Robert P. Barnhart, Howard F. Wehr, Asst. Pros. Attys., Columbus, for defendants-appellees.

## OPINION

By THE COURT.

No. 4802 is an appeal on questions of law from a judgment of the Common Pleas Court.

No. 4825 is an original action in mandamus in this Court.

Plaintiff moved the Court for an order consolidating the actions because of community of interest in the subject matter of the litigation.

It is manifest that these actions may not properly be consolidated but counsel, upon the oral presentation of argument in the cases, agreed that they might be prepared and decided at the same time and that, if necessary and appropriate, to consider testimony in the mandamus action the bill of exceptions in the error proceedings might be taken as the testimony in the original action in this Court.

In the error proceedings the parties defendants are the

Franklin County Child Welfare Board and the individual members thereof. These also are defendants respondents in the mandamus suit and the members of the Board of County Commissioners of Franklin County are also parties defendants. The Superintendent of the Children's Home of Franklin County is not a party in either proceeding.

Without setting forth the specific assignments of error it is sufficient to say that appellant claims that the judgment was erroneous and that the Court erred in refusing to accept certain testimony respecting the conditions under which the plaintiff was released from her position as housekeeper at the Franklin County Children's Home. The action in No. 4802 sought to recover a money judgment against the defendant Child Welfare Board for salary or wages which she had not been paid because of the wrongful abolition by the Supertintendent of her position as housekeeper and dietician at the Children's Home without notice to the Civil Service Commission of Ohio or the approval of the Child Welfare Board.

The mandamus action elaborates somewhat in the averments as to the wrongful dismissal of the relator in that it is further claimed that the abolishing of the position was arbitrary and in bad faith. It is alleged that the order of abolition is arbitrary and void. The prayer is for a writ of mandamus against the respondents requiring them to recognize relator as the lawful incumbent of said position as housekeeper and dietician of the Children's Home of Franklin County, Ohio, and to assign to her the duties of said position and to permit her to perform the powers, duties and functions of said position and that the said defendants be further ordered to make and issue the necessary reports and orders to the proper public authorities in order that she may draw her respective amount of pay for the periods during which defendants have prevented her from performing said duties.

Prior to both of the actions herein under consideration the plaintiff had instituted an action in the Common Pleas Court of Franklin County against all of the defendants named in the suits here, except the County Commissioners, and also against Carl T. Melvin then Superintendent of the Children's Home of Franklin County. This action was for a declaratory judgment in which plaintiff asserted that she had been notified that her position was abolished but that she had not resigned, that no charges had been filed against her. She prayed for a declaratory judgment defining the power of the respective defendants in the operation of the Franklin

County Children's Home and for other declarations. Defendant Commission Board answered and, after certain admissions as to employment of plaintiff for want of knowledge and information, generally denied other allegations of the petition and further averred that it had received no notice of the resignation from the plaintiff and that it had taken no action toward the abolishment of the plaintiff's position and had not asked for her resignation. Defendant Carl T. Melvin, Superintendent, demurred to the petition on the ground that the controversy seems to be between the Child Welfare Board and the Superintendent. The Child Welfare Board joined in praying for declaratory judgment as prayed in the petition. The Superintendent insisted that such judgment would not terminate the litigation. The cause went to trial to Judge Leach who overruled the demurrer and determined only the plaintiff's rights and status and held that the only question presented

"is whether, at the time he took such action, Superintendent Melvin was, by virtue of the statutes, vested with sole authority to abolish plaintiff's position as housekeeper, or could such action only be taken by him with the authority, approval or ratification of the Board."

The Court held that the Superintendent had full authority to abolish the position by virtue of §3070-13 and §3070-24 GC. Judgment was entered accordingly.

Judge Gessaman, when the action in Case No. 4802 came on for trial, refused to accept testimony, the purpose of which was to establish that the plaintiff had been wrongfully discharged because this question had been adjudicated.

It is the contention of appellant that there was other and further testimony tending to show bad faith in the abolition of the office in that the ground stated to support the abolition did not in fact exist.

The facts involved are simple. Prior to May 1, 1949, plaintiff held the position of housekeeper at the Children's Home, Franklin County. She had been regularly appointed and was in the Classified Civil Service. On the 25th of April, 1949, Carl T. Melvin, then Superintendent of the Franklin County Children's Home, notified the Secretary of the State Civil Service Commission that the position of housekeeper at the Home, then held by Mrs. Harper, would be abolished as of May 3, 1949, "because of the urgent need and necessity for stringent economy measures due to the deficit in our funds for the management and maintenance of the Children's Home and the entire Child Welfare Program." The Secretary of the Commission acknowledged the communication and stated

that the abolishment of the position had been duly entered on the records, etc. Soon thereafter plaintiff instituted the first of her three actions. It appears that the plaintiff based her right to a judgment principally upon the fact that the action of the Superintendent in abolishing the job which she had held was not taken with the approval and consent of the Child Welfare Board which approval it was contended was a prerequisite to such action of the Superintendent and, further, that she had not resigned from the position and no charges had been presented against her. There was no claim in the petition of plaintiff that the ground for the abolition of the job, as stated in the letter of the Superintendent, was not true or that he had acted in bad faith. However, it is manifest that plaintiff was relying in part on the protection of her Civil Service status and that she had the privilege and indeed it was her obligation to plead all facts upon which she relied for relief.

When the second action, the judgment which is the subject of the appeal, came on to be tried Judge Leach's decision had not been carried into judgment entry, but during the trial the entry was filed and journalized. Counsel and parties were cognizant, as the trial proceeded, of the judgment in the first case.

It should be noted that the declaratory judgment decided unequivocally that plaintiff's former job had been abolished by the Superintendent of the Home with full and sole authority to so act and adjudicated against the plaintiff not only those matters which she did assert in her action but also all matters which she could properly have asserted. **Standard Oil Co., v. Zangerle, Aud., 141 Oh St 505; Quinn v. State. 118 Oh St 48; Petersine v. Thomas, 28 Oh St 596; Radaszewski v. Keating, 141 Oh St 489; Walker v. Walker, 132 Oh St 137.**

At this juncture, it is obvious that unless and until this judgment was reversed or modified the plaintiff was foreclosed thereafter in asserting in any court, in any proceeding, between herself and any party to the judgment, that her former position had not been legally abolished, if that judgment was properly set up as a bar.

This principle of law is elementary and none is better established. As early as **Babcock & Co. v. Camp, 12 Oh St 11,** it is held:

"any matter regularly determined, in whatever form, by a competent tribunal, is not open to inquiry in any other proceeding by the same parties."

And later, that a judgment is

"entitled to full faith and credit until reversed or modified, **Fishman v. Bricker, 19 Abs 528,** whether the facts before the

Court warranted the judgment or not." Hill v. Buchanan, 6 O. Supp. 230; 21 O. O. 24.

Although there was ample time for plaintiff to perfect and prosecute an appeal from the declaratory judgment even after the trial on her second action had begun no such step was taken.

But in the second action here on appeal no defendant plead the former judgment as res adjudicata of the issue. This was necessary before it could be effective to bar the plaintiff from making her case on the issues joined. **Norwood v. McDonald, 142 Oh St 299.** Of course, the trial judge had full right to accept the rulings of Judge Leach in the declaratory judgment case, as a matter of procedure, but the rulings of the trial judge are subject to review on this appeal notwithstanding the judgment, as it was not plead.

In the second case which was to recover a money judgment for salary which plaintiff claimed to have lost by reason of a void action by the Superintendent in attempting to abolish the job which plaintiff had formerly held, in addition to the averments of the declaratory judgment action it was alleged that the order abolishing the job was political. This was, in probability, broad enough to permit plaintiff to prove the action of the Superintendent was not in good faith in that the cause of the abolishment of the job, viz., for purposes of economy and shortage of funds was not, in fact, true. Suffice to say that, without quoting from the record, it is entirely inadequate to establish these averments, requisites to set aside the order of the Superintendent, for the reasons stated by Judge Gessaman in his opinion dismissing plaintiff's case.

Counsel seem to labor under the misconception that because plaintiff held her position under the classified service she could not be removed without written charges preferred against her. The action taken by the Superintendent in abolishing the position which plaintiff at the time held was entirely different than would have been required had he attempted to remove her upon any charge of dereliction of duty or misconduct. The procedure adopted by the Superintendent has many times been approved by this and other courts always, however, subject to the test of good faith. **Verberg v. Board of Education of Cleveland, 28 Abs 161, affd. 135 Oh St 246; Board of Health, etc. v. State, 40 Oh Ap 77; State, ex rel. Allen, (Franklin) 26 Abs 489; State, ex rel. Spery v. Jaster, (Franklin) 27 Abs 499; State, ex rel. Benedum v. Taylor, (Franklin) 33 Abs 615.**

Although we are of opinion that in the case here on appeal

upon the state of the pleadings, res adjudicata not having been plead, answers should have been received to many of the questions to which objections were sustained. The answers were not proffered and we cannot say that they would have been probative of any material fact at issue. This was necessary. **Ornstein v. Chesapeake & O. R. Co., 26 Abs 78;** appeal dismissed, **133 Oh St 385; Bell v. Buckeye Steel Castings Co., 32 Abs 141; Fulkerson v. Roxanna Canning Co., 26 Abs 607.**

It is not necessary to discuss the question whether or not the trial judge was correct in the case here on appeal in holding that the action for money judgment was improper and that it should have proceeded as in mandamus because counsel for appellant now agree with the holding of the Court.

The judgment in Case No. 4802 will be affirmed.

No action will be taken at this time in Case No. 4825.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.