**HARPER, Plaintiff and Relator, v. FRANKLIN COUNTY CHILD WELFARE BOARD et, Defendants.**

Ohio Appeals, Second District, Franklin County.

No. 4825.    Decided March 3, 1954.

Isadore L. Margulis, Columbus, for plaintiff and relator.
Frank H. Kearns, Pros. Atty., Earl W. Allison, Jr., Asst. Pros. Atty., Columbus, for defendants.

**OPINION**

By THE COURT.

This is an original action in mandamus wherein the relatrix is seeking restoration to her former position of "Housekeeper" in the Franklin County Children's Home, and seeking further that the respondents recognize her as the lawful incumbent of the position. The respondents to the action are the members of the Franklin County Child Welfare Board and the Franklin County Commissioners, the names of whom do not become pertinent.

The petition alleges facts showing that the relatrix was regularly appointed to the position of "Housekeeper" in said Children's Home; that the position is held under the Civil Service laws of this state; that on April 25, 1949, the relatrix and the Civil Service Commission were notified by letter from Carl T. Melvin, Superintendent of said Home, that the aforesaid position of "Housekeeper" was being abolished as an economy measure due to a deficit in funds for the institution; that said order of removal was void and of no effect for the reason that it was issued in bad faith and for political reasons and that it was issued without the authority of the Welfare Board.

The answer admits the capacity of the defendants as pleaded, the employment of the relatrix as housekeeper, the abolishment of the position without the authority of the Board, and denies all other material allegations set forth in the petition.

The answer further provides that,

"On or about the 9th day of July, 1949 the Court of Common Pleas of Franklin County, Ohio, in an action for a declaratory judgment therein pending, being case No. 177538, wherein the relator, Mabel Harper, was the plaintiff and the Child Welfare Board, and Carl T. Melvin, then Superintendent of the Children's Home, were defendants, and wherein was requested the Court's determination of the question as to where was reposed the authority for the creation of jobs such as was held by relator, and for the hiring and firing of personnel in such jobs, a decision was rendered to the effect that the sole authority for creation of such jobs, and the hiring and firing of personnel in such jobs, was in the Superintendent of the Children's Home exclusively. The decision was based on the same facts stated by relator in this action, and is decisive of the question of the authority and responsibility of the respondents in this action.

"Respondents further say that said decision is a full and complete bar to relator's cause of action herein."

The first question for consideration will be whether the

prior action set forth in the answer is. a bar to the present proceeding. In this case, which is No. 177,538 in the Court of Common Pleas for Franklin County, the petition, after setting forth the capacity of the various defendants, provides;

"Plaintiff says that she was in the employ of the defendant, Superintendent Carl T. Melvin, of the Franklin County Children's Home, up to and including May 1, 1949. That she was employed for said position and functioned in that capacity from on or about the first day of September, 1946, to and including said May 1, 1949.

"The plaintiff says that she has not resigned from said position, nor have any charges been filed against her before the proper authorities for incompetency, or any other cause, and that the Civil Service Commission of Ohio has no record up to date of any resignation by plaintiff from said position.

"Plaintiff says that under the present circumstances she does not know whether the defendant, the Superintendent of said institution, Carl T. Melvin, or the Child Welfare Board of said institution has the power and control and supervision of said institution, because said Superintendent and said Board have been in dispute for the past several weeks as to matters of jurisdiction and power in the operation of said institution. Plaintiff says that this condition has prevailed for the past several weeks and is the cause of uncertainty and confusion among the employes of said institution and has not been good for the morale of those operating and working in said institution nor the inmates thereof. That said situation has not been good for the institution in its service to the orphan children of Franklin County, Ohio. Plaintiff says that this is a matter of first public interest and that a court of competent jurisdiction should be respectfully asked to interpret the law under which defendant parties herein operate, to the end that a proper instruction can be given to the respective defendant parties as to their powers and responsibilities in serving the public in this important and necessary beneficient service, and especially in the employment and control of employes of said institution.

"Plaintiff says that she was notified by the defendant Superintendent in writing that her position was abolished by said defendant Superintendent as of May 3, 1949, and said plaintiff is now properly on the list of the Civil Service Commission of Ohio, as required by law, and that her position as housekeeper in said institution being abolished, no such position can be re-created in fact or in name within one year without restoring her to that service. Plaintiff says that the defendant Superintendent refuses to re-establish said abolished position of housekeeper in said institution.

"Plaintiff further says that the defendant board has indicated to her through its various members that her position is not abolished, because it was not done by Mr. Melvin with the consent and approval of said defendant Board. Plaintiff now knows only that she is not working at that institution, and she also knows that the defendant Superintendent refuses to reinstate her and that the Board up to the present time has not been willing or able to effect her reinstatement in said position or effect re-creation by the Superintendent.

"Plaintiff also says that there has been and still is a wide difference of opinion between the defendants herein as to their jurisdiction and power in this matter and that they have disagreed as to the right of the Board to compel testimony in some kind of investigation a few weeks ago, and that plaintiff through the President of the Board and the notification by the Executive Secretary of the Board, appeared and gave testimony. The Superintendent immediately thereafter refused to permit said plaintiff to return to work, and he thereafter, as aforesaid, abolished her position."

The answer to the petition admits the capacity of the parties, the employment of the relatrix, and for want of information denies all other allegations in the petition.

It further avers that the Welfare Board never received the resignation of the relatrix nor has it taken any action toward the abolition of the said position. It also asks that the rights and powers of the respective defendants be determined by the Court.

The defendant, Carl T. Melvin, demurred to the petition upon the grounds that a cause of action was not stated. The judgment of the Common Pleas Court in this case was "* * * that at the time the defendant Carl T. Melvin, Superintendent of the Franklin County Children's Home abolished the position of plaintiff as housekeeper at said Home, he had sole authority so to do and that such action did not require any prior authorization from or subsequent approval by the Child Welfare Board." This judgment was never appealed and therefore is res adjudicata as to all issues raised by the pleadings as well as to all other questions which might have been properly litigated in the case. **Quinn v. State, 118 Oh St 48.** We think it clear that the rights of the relatrix could have been determined in the action set forth as a defense in the answer. In case No. 4802 in this Court and reported in **64 Abs 502**, the action was one by the relatrix herein to recover a money judgment for her services while wrongfully discharged. In this case Hornbeck, J., at page 506 said:

"At this juncture, it is obvious that unless and until this

judgment was reversed or modified the plaintiff was foreclosed thereafter in asserting in any court, in any proceeding, between herself and any party to the judgment, that her former position had not been legally abolished, if that judgment was properly set up as a bar.

"This principle of law is elementary and none is better established. As early as **Babcock & Co. v. Camp, 12 Oh St 11,** it is held:

" 'any matter regularly determined, in whatever form, by a competent tribunal, is now open to inquiry in any other proceeding by the same parties.'

"And later, that a judgment is 'entitled to full faith and credit until reversed or modified, **Fishman v. Bricker, 19 Abs 528,** whether the facts before the Court warranted the judgment or not.' **Hill v. Buchanan,** 6 O. Supp. 230; **21 O. O. 24.**

"Although there was ample time for plaintiff to perfect and prosecute an appeal from the declaratory judgment even after the trial on her second action had begun no such step was taken."

It is therefore our conclusion that the judgment set forth in the answer is a complete bar to this action.

The defendants urge further that the action should be dismissed because there is a misjoinder of parties defendant in that the Superintendent of the Franklin County Children's Home has not been made a party to the action. By virtue of §3070-13 GC he has sole authority to appoint all employees of the Home. Judge Leach so held and we think properly so in the declaratory judgment action which was pleaded as a defense to this action. It would therefore follow that an order of mandamus restoring relatrix to her former position would necessarily have to be directed to the Superintendent of the Home. For failure to make him a party to this action, the same should also be dismissed. We regret that the relief here sought is not now available to this plaintiff, for it appears to us from a study of the entire record that her discharge was occasioned by an abuse of discretion exercised by the Superintendent of the Home. As previously indicated, this issue should have been presented in the original action.

The writ will be denied.

WISEMAN, PJ, MILLER & HORNBECK, JJ, concur.